[Sac. No. 82.    Department Two.—March 28, 1896.]

GEORGE N. HOLLY, RESPONDENT, v. WILLIAM HEISKELL, APPELLANT.

CLAIM AND DELIVERY—PLEADING—OWNERSHIP AT TIME OF SUIT BROUGHT.
   A complaint in an action of claim and delivery of personal property, must show the ultimate fact that plaintiff was the owner or entitled to the possession of the property at the time of the commencement of the action; and it is not sufficient to aver that he was the owner or entitled to possession at some period prior to that time.
ID.—INSUFFICIENCY OF COMPLAINT—OBJECTION UPON APPEAL.—The objection that the complaint of the plaintiff does not state facts sufficient to constitute a cause of action, may be taken at any time, and be taken for the first time upon appeal from the judgment.

APPEAL from a judgment of the Superior Court of Fresno County.    STANTON L. CARTER, Judge.

The facts are stated in the opinion of the court.

*E. D. Edwards*, for Appellant.

The complaint was insufficient in failing to state that plaintiff was owner at the time his action was brought. (*Fredericks* v. *Tracy*, 98 Cal. 658.)

*Strother & Strother*, for Respondent.

The most that can be said against the complaint, after judgment, is that the allegation of title was argumentative, and this should have been reached by special demurrer or motion. (*Visher* v. *Smith*, 91 Cal. 260.)

McFARLAND, J.—This is an appeal by defendant, upon the judgment-roll, from a judgment in favor of plaintiff. The action is claim and delivery.

Appellant contends that the judgment must be reversed because there is no averment in the complaint that respondent was the owner, or entitled to the possession, of the property sued for at the time the action was brought; and, under the authorities, the contention must be sustained. In a suit to recover personal property the complaint must show the ultimate fact that plaintiff was the owner or entitled to possession at the time of the commencement of the action; and it is not sufficient to merely aver that he was the owner or entitled to possession at some period prior to that time. It was so expressly held in *Fredericks* v. *Tracy*, 98 Cal. 658; *Affierbach* v. *McGovern*, 79 Cal. 269, and *Masterson* v. *Clark* (Cal.), 41 Pac. Rep. 796, and the two first-named cases were referred to approvingly in the still more recent case of *Williams* v. *Ashe*, 111 Cal. 180. Counsel for respondent seek to show us a distinction between those cases and the case at bar, but we are not able to see it. In *Affierbach* v. *McGovern*, *supra*, there was no demurrer to the complaint. In the case at bar the only averment of the respondent's ownership or right of possession is "that on the twenty-second day of April, 1895, plaintiff was the owner and entitled to

the possession of the following described personal property, to wit "; and the action was not commenced until after the said twenty-second day of April. Under the authorities above cited the complaint does not state facts sufficient to constitute a cause of action; and, of course, that objection can be taken at any time.

The judgment appealed from is reversed and the cause remanded with directions to the court below to allow respondent to amend his complaint, if he shall be so advised.

Garoutte, J., and Henshaw, J., concurred.