[L. A. No. 511. Department Two.—July 21, 1898.]

# AUGUSTA TRUMAN, Respondent, v. JOHN W. YOUNG, Appellant.

CLAIM AND DELIVERY—INSUFFICIENT COMPLAINT—CONTINUED RIGHT OF POSSESSION NOT AVERRED.—A complaint in an action of claim and delivery for the recovery of personal property, which merely alleges that on a specified date prior to the commencement of the action, plaintiff was the owner and entitled to the immediate possession of certain goods and chattels described, without any allegation that plaintiff was the owner, or any averment showing a right of possession thereof in plaintiff after that date, is insufficient to state a cause of action, notwithstanding subsequent averments of a demand of possession and of refusal of defendants to deliver the same, and that defendant unlawfully withholds and detains the same from the possession of plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion.

Frank P. Flint, William P. James, and Flint & Barker, for Appellant.

A. B. Hotchkiss, for Respondent.

HAYNES, C.—Action in claim and delivery for the recovery of a certain diamond. Findings and judgment were for the plaintiff, and the defendant appeals from the judgment and an order denying a new trial.

The defendant demurred to the complaint upon the ground that it did not state sufficient facts. The court overruled the demurrer. It should have been sustained. The complaint alleges: "That on the fourteenth day of November, 1895, said plaintiff was the owner and entitled to the immediate possession of the following goods and chattels," describing them; that their value is three hundred and fifty dollars; "that the defendant, without the consent of the plaintiff, now detains said goods and chattels from the possession of said plaintiff"; that on June 2, 1896, plaintiff demanded possession, and that defendant refused to deliver them; "that said defendant still unlawfully

withholds and detains said goods and chattels from the possession of the plaintiff, to her damage," etc. The complaint was filed June 5, 1896.

There is no allegation that the plaintiff was the owner at any time after November 14, 1895, or of any fact showing that she was entitled to the possession after that date. The defendant might detain the property without her consent, though she had no right whatever to its possession, and so the fact that a demand was made does not show either a general or special ownership, or any right to the possession.

Respondent contends, however, that there was an allegation of ownership on November 14, 1895, and that the allegation that "defendant still unlawfully withholds and detains said goods and chattels" implies a continued ownership, and cites *Williams v. Ashe,* 111 Cal. 188. In that case the allegation was that "on and after" a certain day he was the owner and in possession, etc., and this, it was said, implied a continued ownership or right of action.

The complaint in this case is not distinguishable from the complaint in *Fredericks v. Tracy,* 98 Cal. 659, in which also there was the allegation here made, that "defendant still unlawfully withholds possession," etc. (See, also, *Affierbach v. Mc-Govern,* 79 Cal. 268; *Holly v. Heiskell,* 112 Cal. 174.)

The judgment must therefore be reversed.

This conclusion makes it unnecessary to examine the question made by the motion for nonsuit, or as to the sufficiency of the evidence to justify the findings.

The judgment and order should be reversed, with leave to the plaintiff to amend her complaint.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, with leave to the plaintiff to amend her complaint.          Temple, J., McFarland, J., Henshaw, J.