Decided at PENDLETON, 13 August, 1898.

## KIMBALL v. REDFIELD.

[54 Pac. 216]

NATURE OF CLAIM AND DELIVERY ACTION.—The common law action of re-
plevin is reproduced in the statutes of Oregon without material change in
form under the name of claim and delivery: *Moser* v. *Jenkins*, 5 Or. 448, *Surles*
v. *Sweeney*, 11 Or. 21, *Guille* v. *Wong Fook*, 13 Or. 577, followed.

REPLEVIN—NECESSARY ALLEGATION OF COMPLAINT.—A complaint in an ac-
tion of claim and delivery must show that plaintiff was entitled to the pos-
session of the chattels when the action was commenced.

IDEM.—An allegation in a replevin complaint that at a certain time before the
commencement of the action plaintiff was the owner and entitled to the im-
mediate possession of the property in question, and that defendant "still un-
lawfully and wrongfully retains the possession thereof" does not show that
plaintiff was entitled to the immediate possession when the action was com-
menced.

APPEAL—DEFECTIVE PLEADINGS.—A plaintiff whose complaint would not sup-
port a judgment for him, and the defect in which has not been waived or
cured by other pleadings or by verdict, cannot complain of errors at the trial:
*Minter* v. *Durham*, 13 Or. 471, cited and explained.

"OWNER" IN REPLEVIN ACTIONS.—The term "owner" as used in replevin stat-
utes and pleadings means one who has a right to the present possession of the
property involved.

From Umatilla: STEPHEN A. LOWELL, Judge.

This is an action by the W. W. Kimball Company, a
corporation, against C. E. Redfield, to recover the pos-
session of a piano. The complaint was filed December
29, 1896, and in it plaintiff alleges, *inter alia*, in sub-
stance : That July 11, 1896, and for a long time prior
thereto, it was the owner and entitled to the possession
of a certain Hallet & Davis piano, style 21, No. 41,496,
then in Umatilla County ; that prior to the said July 11,
1896, and while the said piano was the property of
plaintiff, the defendant took possession thereof, in said
county ; that June 11 and December 28, 1896, plaintiff
demanded of defendant possession of said piano, but that
he refused, and still refuses, to comply with such de-
mands, or either of them, and that ever since July 11,

1896, it has been in defendant's possession, in said
county and state ; that said piano is of the value of $300,
and that the defendant still unlawfully and wrongfully
retains possession thereof, within said county and state,
to the damage of plaintiff in the sum of $50.     Upon
filing the complaint, the plaintiff caused the said instru-
ment to be seized and delivered to it.     The defendant,
after denying the material allegations of the complaint,
alleges, in substance, that on August 28, 1893, plaintiff
delivered to one D. W. Bailey the piano in question, upon a
written lease thereof for twenty-one months, at the rental
of $354.85 for the term, which sum was evidenced by
Bailey's eight promissory notes, with interest at 8 per
cent. per annum from that date ; that said lease provided
that, if Bailey chose to purchase the piano during the
time, he might do so by paying all said notes then
unpaid, with interest to the date of such purchase ; that
about September, 1894, Bailey, in consideration of $300,
sold and delivered said piano to defendant, who ever
since has been, and now is, the owner and entitled to
the possession thereof; that plaintiff extended the pay-
ment of Bailey's notes from time to time, and that July
18, 1896, all of them had been fully discharged, except
the sum of $44.25, the payment of which had been ex-
tended to that time ; that defendant tendered said sum
to plaintiff on said day, and again December 28, 1896,
Bailey's contract being still in full force, but it refused
to accept the same, whereupon he brings this sum into
court, in full satisfaction of the amount due on said
notes.     The reply having put in issue the allegations of
new matter contained in the answer, a trial was had,
resulting in a verdict and judgment to the effect that
defendant was the owner and entitled to the possession
of the property in controversy, but, if a return thereof
could not be had, that he recover the sum of $300, as its

value, from which judgment plaintiff appeals, assigning
as error the action of the trial court in admitting testi-
mony over its objection, giving instructions excepted to,
and refusing to give other instructions asked by it.

AFFIRMED.

For appellant there was a brief over the names of *John
J. Balleray* and *Marion A. Butler*, with an oral argument
by *Mr. Balleray*.

For respondent there was a brief over the names of *C.
E. Redfield* and *Chas. H. Carter*, with an oral argument
by *Mr. Carter*.

MR. CHIEF JUSTICE MOORE, after making the forego-
ing statement, delivered the opinion.

It is contended by defendant's counsel that the com-
plaint does not state facts sufficient to constitute a cause
of action, for which reason it would not support a judg-
ment, and hence it cannot complain of the errors as-
signed.   The particular point insisted upon is that the
complaint failed to allege that, at the time the action
was commenced, plaintiff was entitled to the immediate
possession of the property sought to be recovered.   The
common-law action of replevin has been abolished in
this state, and a new remedy substituted therefor, which
is known as "claim and delivery," but no material
changes in the old form of action have been inaugurated
by the more recent procedure.   Hill's Ann. Laws, § 132
*et seq.; Moser* v. *Jenkins*, 5 Or. 447 ; *Surles* v. *Sweeney*,
11 Or. 21, ( 4 Pac. 469 ) ; *Guille* v. *Wong Fook*, 13 Or.
577, ( 11 Pac. 277 ).   It has been repeatedly held, in re-
plevin, that the right to the immediate possession of the
chattels in controversy, at the time of bringing the action,

is essential to the recovery, and that such right, to be available, must continue in full force until the judgment is obtained *in rem* for such property, or *in personam* for its value and damages for its detention.   Wells, Repl. § 94; Cobbey, Repl. § 94; 20 Am. & Eng. Enc. Law, ( 1st ed. ) 1046; *Britt* v. *Aylett,* 52 Am. Dec. 282; *Collins* v. *Evans,* 15 Pick. 63; *Dodworth* v. *Jones,* 4 Duer, 201; *Wyman* v. *Dorr,* 3 Greenl. 183; *Ingraham* v. *Martin,* 15 Me. 373; *Noble* v. *Epperly,* 6 Ind. 414; *Frizell* v. *White,* 27 Miss. 198; *Cassel* v. *Western Stage Co.,* 12 Iowa, 47; *Campbell* v. *Williams,* 39 Iowa, 646; *Marshall* v. *Bunker,* 40 Iowa, 121; *Peterson* v. *Lodwick,* 44 Neb. 771, ( 62 N. W. 1100 ) ; *Campbell* v. *Quinton,* 4 Kan. App. 317, ( 45 Pac. 914) .

In *Affierbach* v. *McGovern,* 79 Cal. 268, (21 Pac. 837), an action was commenced December 15, 1884, to recover certain personal property, the complaint averring that plaintiff was the owner and entitled to the possession thereof August 12, 1880.   No demurrer to this pleading was interposed, and, a trial being had, resulted in a judgment for plaintiff; whereupon the defendant appealed, contending that the complaint did not state facts sufficient to constitute a cause of action.   In reversing the judgment, Mr. Justice WORKS, speaking for the court, says:   " A complaint, to be good, must show a cause of action in favor of the plaintiff, and against the defendant, existing at the time the action is commenced. This complaint does not show this, but, if it states a cause of action at all, shows that it existed more than four years before the commencement of the suit, and for that reason the complaint is clearly bad."   In *Fredricks* v. *Tracy,* 98 Cal. 658, (33 Pac. 750), an action was commenced November 19, 1890, to recover certain goods and chattels, plaintiff alleging that November 17, 1890, he was the owner and entitled to the immediate possession

of the property sought to be recovered, and that on the latter date he demanded of defendant possession of said goods and chattels, but that the latter refused to deliver the same, and unlawfully withheld possession thereof. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, having been overruled, one of the defendants thereupon answered, averring that November 18, 1890, he purchased the property in question from his co-defendant. Judgment for plaintiff having been rendered, the court, in reviewing it, say : '' To sustain this action, plaintiff must have the right to immediate and exclusive possession at the time of the commencement of his suit. It is a cardinal principle in pleading that ultimate, and not probative, facts are to be pleaded. The ultimate fact in such an action is that plaintiff was at the time the action was commenced the owner of, or had some special property in, the chattel, coupled with a right to the immediate possession thereof. The fact that he was the owner and entitled to the possession at a previous date is evidence from which the ultimate fact may be deduced, upon the principle that ' a thing once proved to exist continues as long as is usual with things of that nature' : Code Civ. Proc. § 1963, subd. 32. This principle, however, has no application to the statement of facts in a pleading : *Alden* v. *Carver*, 13 Iowa 253, (81 Am. Dec. 430).''

In *Holly* v. *Heiskell*, 112 Cal. 174 (44 Pac. 466), judgment in an action of replevin having been rendered against defendant, he appealed, contending that there was no averment in the complaint that plaintiff was the owner or entitled to the possession of the property in question at the time the action was instituted. In reversing the judgment, Mr. Justice McFARLAND says : '' In a suit to recover personal property, the complaint must show the ultimate fact that plaintiff was the owner or entitled to

possession at the time of the commencement of the action ; and it is not sufficient to merely aver that he was the owner or entitled to possession at some period prior to that time." In the case at bar the allegation that July 11, 1896, plaintiff was the owner and entitled to the immediate possession of the piano is not an averment that such right of possession existed December 29th of that year. Nor does the allegation that defendant "still unlawfully and wrongfully retains the possession of said piano" cure the infirmity in the pleading, for this averment is the mere statement of a conclusion of law, without any recital of facts upon which to predicate the assertion. In *Scofield* v. *Whitelegge,* 49 N. Y. 259, Mr. Justice FOLGER, discussing the effect of a similar allegation, says : "The plaintiff here alleges that the defendant wrongfully detains from him the chattel in question. If, indeed, that be true, then it must be that the plaintiff has a general or special property in the chattel, and the right of immediate possession, but unless he has that general or special property and right of immediate possession, it cannot be true that it is wrongfully detained from him. The last, the wrongful detention, grows from the first, the property and the right of possession. The last is the conclusion. The first is the fact upon which that conclusion is based. It is the fact which in pleading must be alleged." It is evident from these decisions that the complaint is defective ; and, such being the case, it remains to be seen whether the imperfection in the pleading would have rendered a judgment based thereon ineffectual had a verdict been returned in plaintiff's favor, and, if so, does such defect preclude plaintiff from insisting that the court erred at the trial of the cause?

"The question," says Mr. Justice THAYER in *Minter* v. *Durham,* 13 Or. 470 ( 11 Pac. 231 ), "has often arisen in this court whether an appellant had a right to com-

plain on account of an error committed against him in the trial court when his own pleading was faulty. It has always seemed to me in such cases that the rule should be this : If the party complaining would not, in consequence of the defectiveness of his pleading, be entitled to judgment, he ought not to be heard to complain of the error, as it could not have injured him. If a plaintiff omits from his complaint a material allegation, he would not be injured by an error committed during the course of trial of the action, as he would not have been entitled to judgment in any event; but where the objection to the pleading has been waived by answering it, or where the defect would be cured by a verdict, the party is entitled to be relieved against an error commited at the trial prejudicial to his case." Defendant relies upon the language just quoted to sustain the judgment he has obtained, and, if the exceptions there noted sufficiently qualify the rule announced, it must be admitted that it is decisive of the case at bar. No verdict having been returned for plaintiff, it is unnecessary to consider what effect such a verdict might have had in aid of the pleading, except to say that, while a verdict may cure a defective informal statement, it can never supply a material averment going to the gist of the action. *Houghton* v. *Beck*, 9 Or. 325 ; *David* v. *Waters*, 11 Or. 448 ( 5 Pac. 748 ); *Weiner* v. *Lee Shing*, 12 Or. 276 ( 7 Pac. 111); *Bingham* v. *Kern*, 18 Or. 199 ( 23 Pac. 182); *Booth* v. *Moody*, 30 Or. 222 ( 46 Pac. 884).

If the language, " where the objection to a pleading has been waived by answering it," as used by Mr. Justice THAYER, means that a plaintiff, in case his complaint does not state facts sufficient to constitute a cause of action, may nevertheless appeal from a judgment rendered against him upon a demand by defendant for affirmative relief, or from a judgment which would pre-

clude him from maintaining a right which he asserted prior to the trial of such action, then the rule announced by the learned justice is undoubtedly proper; but if it is susceptible to the construction claimed for it, viz., that a judgment rendered on a counterclaim interposed to a defective complaint is a bar to the maintenance of an appeal by plaintiff, and would preclude him from having the errors alleged to have been committed by a trial court reviewed, the rule thus laid down is not founded in reason, and can never become of universal application; for, if it were to prevail, it would be a deprivation of a right conferred by statute. The only legal conclusion deducible from the conditions referred to is a judgment of nonsuit, which, when rendered, affords the relief which the law awards; and plaintiff, having obtained the full measure of his right when the nonsuit is given, ought not to be heard to complain of errors of the trial court which could not possibly affect him injuriously under such circumstances. An answer which will waive the objection to a defective complaint, thereby rendering the errors reviewable on appeal, must supply the material allegation omitted from the complaint, or contain an averment of such material facts as entitles defendant to the affirmative relief afforded by the judgment.

It will be remembered that the answer alleges that defendant is the owner and entitled to the immediate possession of said piano; but this averment does not mean, in actions for the recovery of personal property, a right of property in the chattel, but means such an interest therein as entitles the pleader to an immediate right of possession. "The term 'owner,' as used in the replevin statutes," says Mr. Cobbey in his work on Replevin (section 533), "does not mean absolute and unqualified title, but means a right to possession. Any interest coupled with a right of immediate possession constitutes

ownership under these statutes." This being so, the answer did not supply a material averment omitted from the complaint. True, it is adjudged that defendant is the owner of the piano ; but this judgment is not necessarily binding upon the parties, for in an action of this character the right to the immediate possession constitutes the issue to be tried, and hence the title to the chattel is not involved, nor even considered, except in so far as it may tend to show that the owner of such property is presumptively entitled to the possession thereof. In *Chadwick* v. *Miller*, 6 Iowa, 35, the plaintiff having taken a voluntary nonsuit, it was adjudged that the defendant was the owner of the property replevied ; but the court, commenting on the effect of the judgment, in affirming it, say : '' The record entry of the finding of the court that the right of property was in the defendant has no weight in the determination of the question before us, for that, being unnecessary and unauthorized, has no legal force."

The pleadings show that, at the commencement of the action, plaintiff, by its agent, the sheriff of Umatilla County, obtained possession of the piano, which it held at the time of the trial. Its failure to allege a right to the immediate possession of the chattel sought to be recovered rendered a judgment of nonsuit the relief to which it was entitled ; and, as the plaintiff in replevin must recover on the strength of his right to the immediate possession of the property which is the subject of the action, the rule is that, if he takes a judgment of nonsuit, the defendant is entitled to the same judgment and damages as if he had recovered a verdict against the plaintiff. *Kerley* v. *Hume*, 3 T. B. Mon. 181 ; *Smith* v. *Winston*, 10 Mo. 190 ; *Chadwick* v. *Miller*, 6 Iowa, 35. The adjudication in the case at bar being tantamount to a judgment of nonsuit, because the complaint does not

state facts sufficient to constitute a cause of action, and this infirmity in the pleading never having been waived (Hill's Ann. Laws § 71; *Evarts* v. *Steger*, 5 Or. 147; *Ball* v. *Doud*, 26 Or. 14 (37 Pac. 70), it follows that the judgment is affirmed.

Affirmed.

Decided at Pendleton, 13 August, 1898.