CHAN, RESPONDENT, *v.* SLATER, SHERIFF, APPELLANT.

(No. 2,167.)

(Submitted October 7, 1905. Decided October 28, 1905.)

*Claim and Delivery—Pleadings—Complaint—Evidence—Declarations—Husband and Wife—Separate Property and Earnings of Wife—Liability for Husband's Debts—Instructions.*

Claim and Delivery—Pleadings—Complaint.

1. A complaint in claim and delivery, filed on April 16, 1903, and alleging that on March 21, 1903, plaintiff was the owner of the property, and that on that day it was taken from her possession wrongfully and without her consent, by defendant sheriff, is defective, in that it fails to show that plaintiff was the owner or had any right to the possession of the property *at the time the action was commenced,* and subsequent allegations that she demanded the possession of the property and that defendant still unlawfully withholds and detains it do not by implication supply the omission of the substantive allegation necessary to show the right to recover.

Claim and Delivery—Instructions.

2. In an action in claim and delivery, the court charged that plaintiff, in order to recover, must show by a preponderance of the evidence that she was the owner of the property, and further charged that defendant sheriff was entitled to a verdict if the jury believed, "from a preponderance of all the evidence," that plaintiff's husband, under an attachment against whom the property was taken by defendant, was the owner of the property. *Held,* that the latter instruction was misleading, in the absence of any charge that defendant would be entitled to recover if the evidence did not preponderate on either side.

Claim and Delivery—Instructions.

3. A charge, in an action in claim and delivery, that plaintiff must establish her title to the property by a "clear" preponderance of the evidence is technically erroneous, as a bare preponderance of the evidence would be sufficient.

Claim and Delivery—Evidence—Declarations.

4. In an action in claim and delivery, evidence of declarations made by plaintiff's husband, while apparently in exclusive possession and control of the property in controversy and under an attachment against whom the property was taken by defendant sheriff, that he was the owner of it, was admissible, as a part of the *res gestae.* to characterize the possession.

Claim and Delivery—Evidence—Declarations.

5. In claim and delivery, on the issue of whether a wife's title to property was merely colorable, and was held by her solely to shield such property from her husband's creditors, declarations of the husband, made by him while in exclusive possession and control of the property, that he was the owner thereof, were admissible, not as absolutely binding upon her, but as substantive evidence reflecting upon the *bona fides* of her claim.

Evidence—Restriction to Special Purpose.

6. The fact that evidence was admitted without objection did not render erroneous the action of the court in limiting its scope and effect to a particular purpose for which alone it was competent.

Husband and Wife—Separate Property of Wife—Inventory.

7. *Held,* that the inventory of the wife's separate property, provided for in sections 221 and 222 of the Civil Code, is necessary to protect such property only when it is in the husband's exclusive possession, and third persons deal with him on the credit of it without knowledge of the wife's claim.

Husband and Wife—Earnings of Wife—Inventory.

8. *Obiter:* The earnings and accumulations of the wife, made after marriage, are not protected from seizure, where the husband is al-

lowed to assume exclusive possession of them, unless the inventory provided for in sections 221 and 222 of the Civil Code has been filed.

Husband and Wife—Separate Property of Wife—Liability for Husband's Debts.

9. Property acquired by the wife, subsequent to the contracting of a debt by the husband cannot be held liable ror such debt.

Claim and Delivery—Instructions—Immaterial Issues.

10. Where, in an action in claim and delivery, the only issue was whether or not plaintiff's claim to the property was colorable only, and title assumed for the purpose of protecting the same against the claims of her husband's creditors, instructions in the language of sections 220, 222, and the latter part of section 227 of the Civil Code, relative to the separate property of the wife and its liability for the husband's debts, were on an immaterial issue and should not have been given,

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by Katerina Chan against L. P. Slater, as sheriff of Fergus county. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Mr. Rudolph Von Tobel,* and *Mr. O. W. Belden,* for Respondent.

*Messrs. Blackford & Blackford,* for Appellant.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in claim and delivery. The complaint alleges, in substance, that the defendant is, and at all times mentioned therein was, the sheriff of Fergus county, Montana; that on March 21, 1903, the plaintiff was the owner of certain personal property, consisting of grain, cattle, and hogs, of the value of $750; that the defendant on March 21, 1903, without the plaintiff's consent, wrongfully took said property from her possession; that before the commencement of the action, and on March 26th, the plaintiff demanded of defendant possession of said property; and that defendant still unlawfully withholds and detains the same from plaintiff, to her damage in the sum of $250. Judgment is demanded for a return of the property, or for $750, the value thereof, in case return

cannot be had, and for $250 damages. The complaint was filed on April 16, 1903. A general and special demurrer having been overruled, the defendant answered, putting in issue the title of plaintiff, and, by way of affirmative defense, alleging that the owner of the property is one Jacob W. Chan, the husband of the plaintiff, and justifying the taking under an attachment issued out of the district court in and for Fergus county in an action wherein the Northwest Thresher Company was plaintiff and said Jacob W. Chan was defendant. The plaintiff had a verdict and judgment. Defendant has appealed from the judgment and an order denying him a new trial.

The validity of the judgment is challenged on the grounds, first, that the court erred in overruling the demurrer, for that the complaint does not state a cause of action; second, that it erred in submitting certain instructions to the jury and refusing to submit certain others requested by defendant; and, third, that the evidence is insufficient to sustain the verdict.

1. The criticism made of the complaint is that it does not allege any right to the possession of the property at the commencement of the action. We think this is a just criticism. The action was commenced by the filing of the complaint on April 16, 1903. The allegation is that on March 21, 1903, the plaintiff was the owner of the property, and that on that day it was taken from her possession wrongfully, and without her consent. From this allegation it does not appear that at the time the action was commenced, nearly a month later than this date, she was still the owner, or that she had any right to the possession. "It is well settled that, to maintain an action in claim and delivery, plaintiff must plead and prove his right to the immediate possession of the property at the time of the commencement of his suit." (*Cameron* v. *Wentworth,* 23 Mont. 70, 57 Pac. 648.) The subsequent allegations that she made demand upon the defendant for its possession, and that the defendant still unlawfully withholds and detains it, do not by implication supply the omission of the substantive allegation necessary to show the right to recover. (*Fredericks* v.

*Tracy*, 98 Cal. 658, 33 Pac. 750; *Truman* v. *Young*, 121 Cal. 490, 53 Pac. 1073; *Simonds* v. *Wrightman*, 36 Or. 120, 58 Pac. 1100.)

2. The court, in the eighth and ninth paragraphs of its charge, instructed the jury as follows: "If you believe that the plaintiff was the owner of the said goods and chattels as alleged, and that she did not consent to the taking of the said goods, then it is your duty to find for the plaintiff, except as elsewhere explained. If, on the other hand, you believe, from a preponderance of all the evidence in the case, that her husband, the said Jacob W. Chan, was the owner of the said goods and chattels at the time and place alleged in the pleadings in this case, then it is your duty to find for the defendant." (Instruction No. 8.)

"If you believe, from the preponderance of all the evidence in the case, that the said Jacob W. Chan was the owner of any portion of the said goods and chattels, then it is your duty to find for the defendant as to such portion of the goods and chattels." (Instruction No. 9.)

The court, also, on the same subject submitted instruction numbered 27, as follows: "You are further instructed that the proof on the part of the plaintiff in this case must be clearly established by a preponderance of the evidence that the property is hers, and that she is not simply a holder of the title for her husband's benefit. If this is not made to appear by such preponderance of the evidence, the legal presumption is that the money was furnished by the husband. The burden of establishing her separate estate is upon the plaintiff in this case to prove clearly by a preponderance of the evidence that she paid for, or acquired the property with funds which were not furnished by the husband, unless such funds, if any, were a gift by the husband to her."

It was said in *Kipp* v. *Silverman et al.*, 25 Mont. 296, 64 Pac. 884: "In cases of this character, the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of his adversary. Therefore the obliga-

tion rests upon him to sustain this burden by a preponderance
of the evidence; that is, he must show by a preponderance of
the evidence that he has a right superior to that of the defend-
ant, and that the value of the property, or the interest therein
in question, is greater than that admitted by the defendant.
·* * * The defendants were not under the obligation to
produce any evidence until plaintiff had made out a *prima
facie* case, and then to go no further than to produce sufficient
evidence to show an equipoise. The burden, therefore, rested
upon the plaintiff throughout.''

The court had already instructed the jury correctly, in para-
graph 7 of the charge, that the plaintiff, in order to recover,
must show by a preponderance of the evidence that she was the
owner of the property as alleged in the complaint. So instruc-
tion numbered 27 cast the burden upon the plaintiff to estab-
lish by a clear preponderance of the evidence that the prop-
erty was hers as alleged. In instructions numbered 8 and 9,
however, the court told the jury that if they believed, from a
preponderance of all the evidence in the case, that the husband,
Jacob W. Chan, was the owner of the property or any part
thereof, defendant was entitled to a verdict for the property,
or so much of it as appeared to belong to him. While in-
structions 8 and 9 are correct as abstract propositions of law,
for the defendant was entitled to a verdict, if he showed by a
preponderance of the evidence that Chan was the owner of
the property, nevertheless they are misleading, in that the
jury, in the absence of a proper instruction as to what they
should find in case of an equipoise in the evidence, were prob-
ably led to believe that the defendant could not recover, except
by establishing his right by a preponderance of the evidence,
whereas he would be entitled to recover if the evidence did
not preponderate on either side.

With reference to instruction No. 27, it may be remarked
that it cast a greater burden upon the plaintiff than the law re-
quires; for under it the right of the plaintiff must be clearly
established by a preponderance of the evidence, whereas  a

bare preponderance is sufficient. In this important particular the instruction is not technically correct. The qualifying word "clear" should have been omitted. The defendant stands in no attitude to make complaint; but, as a new trial must be ordered, we call attention to it, so that the court may not fall into the same error again.

The controversy in the evidence was as to whether the property belonged to the plaintiff or to her husband, Jacob W. Chan, and chiefly, as to whether, though the title to the land upon which the grain was produced stood in the name of the wife, it had not in fact been purchased by money furnished by the husband. The defendant introduced evidence tending to show this, and also that the money thus furnished had been derived from a sale of lands owned by the husband in Minnesota at the time he obtained credit from the Northwest Thresher Company, and in reliance upon which by the company, in good faith, such credit had been extended to him. The evidence also tended to show that though Chan and his family, including his wife, were living upon the land, he was apparently in exclusive control, not only of it, but also of all the personal property on it. Evidence was introduced without objection by defendant, tending to show that Chan, at various times while living on the land with his wife, and apparently in exclusive possession and control of the property in controversy, made statements and representations that he was the owner of it.

Chan had testified for plaintiff, to the effect that the land and all the personal property thereon belonged to her. In this connection the jury were instructed, in substance, that testimony had been introduced tending to show that Chan had made such declarations, but that it had been introduced for impeachment; and that, though the jury were satisfied that he had made such declarations, they were not to be considered as binding upon the plaintiff, unless she ratified or assented to them. In another place in the charge, the jury were further told that it must appear from a preponderance of the

evidence that the plaintiff was present when the declarations were made, or was informed of them and thereupon ratified them; otherwise she should not be held bound by them. Contention is made that the court erred prejudicially in thus limiting the scope and effect of the evidence, first, because, it having been admitted without objection, it should have been considered for all purposes, though strictly competent for one purpose only; and, second, on the theory that it was competent, independently of any knowledge of the plaintiff, as tending to characterize the husband's possession, and therefore as substantive evidence on the question of title. The question of fraud was presented in the case, and any evidence was competent on this issue tending to show that plaintiff's title to the land, and therefore its products, and also to the other personal property, was merely colorable, and vested in her for the purpose of shielding it from her husband's creditors under the pretense that it was derived by purchase from proceeds of her separate estate.

The question of the admissibility of such declarations often arises upon an investigation of title alleged to have been acquired by adverse possession; or, again, where the question is under whom a tenant in possession holds; or, perhaps, more frequently, when the inquiry is as to the *bona fides* of an alleged sale or transfer, as between an attaching creditor and an alleged vendee of the debtor. It is a general rule that the declarations of the vendor, after he has parted with the title and possession, may not be admitted to disparage the title of the vendee, except to show the vendor's intent, where it is a material fact, and for impeachment, where, upon an inquiry touching the *bona fides* of the transfer, the vendor is called by the vendee to testify in his behalf. It is also a general rule that where the vendor has been allowed to retain possession after the transfer, and the nature of his possession becomes a material subject of inquiry, his acts and declarations accompanying and characterizing his possession are admissible, generally, as a part of the *res gestae.* (*Gallick* v. *Bordeaux et al.,* 22 Mont. 470, 56 Pac. 961.) This is upon the theory

that the fact that the vendee has allowed the vendor to remain in possession is a badge of fraud, and it follows logically that any acts or declarations of the vendor, while thus in possession, tending to characterize such possession, are also admissible as affecting the presumption of ownership. For a discussion of the various theories upon which such evidence is admissible, see 2 Wigmore on Evidence, 1086, and 3 Wigmore on Evidence, 1779.

Whatever may be the ground upon which such evidence is declared to be admissible, it is now a wellnigh universal rule that it is admissible as a part of the *res gestae* to characterize the possession. We can see no reason why, under the facts presented in the present case, a distinction should be drawn between it and a case where the controversy is between an attaching creditor and a vendee. Here there is evidence tending to show that the title to all the property in controversy was derived directly from the husband, and from which an inference may be drawn that the claim of the wife is merely colorable, in order to shield the property from the husband's creditors. The two cases are not distinguishable in principle, and whatever would tend to shed light upon the *bona fides* of the transaction involved in the one case, would seem to be as efficient for the same purpose in the other. The fact that the evidence was admitted without objection would not render erroneous the action of the court in limiting its scope and effect to a particular purpose, if it was competent for that purpose only; but the limitations imposed by the court in this case were too narrow. The evidence should have gone to the jury, with all the other facts and circumstances appearing in the case, not as absolutely binding on the plaintiff, but, strengthened in weight by any acquiescence on her part in her husband's representations, as substantive evidence reflecting upon the *bona fides* of her claim.

Complaint is made that the court did not properly instruct the jury touching the separate property of married women, and under what circumstances it is exempt from liability for

the husband's debts. What constitutes the separate property of the wife is defined by the provisions of Chapter III, Title I, Part III, Division I, of the Civil Code, as follows:

"Sec. 220. All the property of the wife owned before marriage and that acquired afterward is her separate property. The wife may, without the consent of her husband, convey her separate property or execute a power of attorney for the conveyance thereof."

"Sec. 223. The earnings and accumulations of the wife are not liable for the debts of her husband.

"Sec. 224. The earnings and accumulations of the wife, and of her minor children living with her or in her custody, while she is living separate from her husband, are the separate property of the wife.

"Sec. 225. All work and labor performed by a married woman for a person other than her husband and children shall, unless there is a written agreement on her part to the contrary, be presumed to be performed on her separate account."

Under these provisions, all the property of the wife, however acquired, either before or after marriage, constitutes her separate estate. This characteristic extends to her earnings and accumulations after marriage, while living with her husband, to those of herself and minor children in her custody while living apart from him, and to the result of her personal services rendered to others than her husband and children, unless there be an agreement in writing by her to the contrary. These provisions are clear and explicit. There are certain conditions, however, with which she must comply to protect her property from the creditors of her husband under all circumstances. Sections 221 and 222 provide for the filing by her with the county clerk of the county of the residence of herself and husband of an inventory, which, when filed, is notice to the world and *prima facie* evidence of her title. This exempts it from liability for debts of her husband, except for necessary articles for the use and benefit of herself

and children under eighteen years of age. (Section 227.) Further, under the latter part of this section, whether this inventory be filed or not, her property, with the exception mentioned in the first part thereof, is not liable to be seized at the instance of creditors of her husband, unless it be found in the sole and exclusive possession of the husband, and then only at the instance of such creditors as have dealt with the husband in good faith on the credit of the property without knowledge or notice that it belongs to the wife.

The legitimate conclusion from an analysis of sections 221, 222, and 227, therefore, is that the inventory provided for in sections 221 and 222 is necessary to protect the property only when it is in the husband's exclusive possession, and third persons deal with him on the credit of it without knowledge of the wife's claim.

In this connection the court submitted to the jury, as a part of its charge, sections 220 and 223, and the latter part of section 227, *supra*. The particular criticism made is that, under a proper construction of sections 223 and 224, the earnings and accumulations of the wife, while living separate from her husband, are exempt, but, while living with her husband, are not exempt, unless protected by the inventory provided for in sections 221 and 222, and therefore that the court was in error in submitting section 223 as a part of its charge without modification, and without further reference to section 227; since, though it might appear from the evidence that the property acquired by the wife from her own earnings and accumulations was in the exclusive possession of the husband, still it would not be liable for its debts. We are inclined to the view that, while section 223 declares the earnings and accumulations of the wife not liable for the husband's debts, this declaration is made subject to the conditions prescribed in section 227, and that her accumulations after marriage are not protected, when the husband is allowed to assume exclusive possession of them, unless the inventory provided for has been filed. Under the facts in this record, however, we think the only material ques-

tion presented was whether the property in controversy belongs to the plaintiff, or whether her claim is fraudulent.

The debts sought to be collected by the Northwest Thresher Company were contracted in Minnesota, where the plaintiff and her husband resided, on August 8, 1899. It does not appear that the plaintiff at that time was the owner, or claimed to be the owner, of any separate property whatever. Indeed, the contrary appears to be the fact. If such were the fact, and assuming the law of that state to be the same as that of this state, there was no property of the wife to which liability could attach. Her acquisitions, whatever they are, have been made since that time; and, since accommodation could not have been extended to her husband upon the credit of property then owned by her, such as she has acquired since that time cannot, under the construction given to the statute *supra*, be liable for debts contracted at that time. Uuder this view of the case, and it seems to be the only proper view, the only issue before the court was, as we have stated, whether the claim of the wife is colorable only, and the title assumed for the purpose of protecting her husband's property against the just claims of his creditors. The instructions complained of, whether too broad and misleading or not, were upon an issue not involved in the case, and were therefore immaterial. They may have misled the jury, and should not have been submitted.

It is not necessary to refer to the instructions further, since the foregoing comments upon these statutes, and their application to the facts as presented in this record, dispose of all the questions arising upon the instructions connected with this feature of the case. The cases of *Griswold* v. *Boley et al.*, 1 Mont. 545, *Boley* v. *Griswold*, 2 Mont. 447, *Palmer* v. *Murray*, 8 Mont. 174, 19 Pac. 553, and other cases cited by counsel, have no application, since they involved a construction of statutes different in their provisions from those of our present Code.

3. Since the case must be tried again, we do not deem it necessary to enter into a discussion of the question as to

whether or not the evidence is sufficient to sustain the verdict further than to say that upon the issue of fraud we are satisfied it was sufficient to go to the jury.

For the reasons stated, the judgment and order denying a new trial are reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.