Argued October 28, affirmed December 30, 1919.

## ALMADA *v.* VANDECAR.

(185 Pac. 907.)

**Appeal and Error—Insufficiency of Complaint to State Cause of Action may be Raised on Appeal.**

1. The objection that a complaint does not state a cause of action is never waived, and may be raised for the first time upon appeal, even though a demurrer has been overruled in the trial court with the consent of the parties.

**Replevin—Not Maintainable Unless Plaintiff Entitled to Possession.**

2. Replevin is essentially a possessory action, and, unless plaintiff has the right of immediate possession, he cannot prevail.

**Judgment—Pleading—Pleading must Support the Judgment.**

3. In replevin the pleading must support the judgment and contain allegations of fact rather than conclusions of law.

**Judgment—Sufficiency of Complaint to Support Judgment.**

4. A defective statement of a good cause of action will support a judgment, but a pleading entirely omitting an essential fact or facts will not support a judgment.

**Pleading—Complaint Stating Conclusion of Law Insufficient.**

5. A replevin complaint, alleging that defendant unlawfully withholds and detains the property in question from plaintiff, states only a conclusion of law.

Pleading—Conclusion of Law.

6. A mere conclusion of law is not issuable, requires no denial, and does not aid a pleading.

Replevin—Complaint Failing to Show Right to Possession Insufficient.

7. A replevin complaint, alleging that plaintiff was the owner of a steer when it was taken from him by defendant, but not alleging that plaintiff was entitled to the possession at the time the action was commenced, which was some two years later, *held* insufficient to support a judgment for plaintiff.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.

This is an action in replevin. There was a verdict and judgment for the plaintiff. The defendant moved for a judgment notwithstanding the verdict; and, based upon that motion, the court set aside the verdict and judgment for the plaintiff and granted a new trial with permission to the plaintiff to amend his complaint. The plaintiff appealed.

The only questions presented upon this appeal arise out of the complaint filed by the plaintiff and, for that reason, the pleading is here transcribed in full:

"That on or about the 1st of April, 1916, at Baker County, Oregon, the plaintiff was the owner of one four year old steer branded          , and of the value of $125.

"That the defendant on the 1st of April, 1916, in Baker County, Oregon, without the plaintiff's consent and wrongfully, took said steer from the possession of the plaintiff.

"That before the commencement of this action, to wit: on the 27th day of November, 1918, the plaintiff demanded of the defendant possession of said steer.

"That said defendant still unlawfully withholds and detains said steer, at said defendant's ranch, about four miles from the town of Durkee, Baker County, Oregon, from the possession of plaintiff to his damage in the sum of $50."

The defendant demurred to the complaint upon the ground that it "does not state facts sufficient to constitute a cause of action"; but afterwards the attorneys for both parties "now consenting and agreeing," the court entered an order overruling the demurrer and allowing defendant until January 30, 1919, within which to file his answer.

Within the time fixed by the order, the defendant filed an answer denying all the allegations of the complaint and alleging new matter as a separate defense. The affirmative allegations were to the effect that long prior to the commencement of the action the defendant purchased the ranch mentioned in the complaint together with about 500 head of stock cattle; that the steer claimed by the plaintiff "was one of the band of stock cattle purchased by defendant"; and that the defendant has been the owner and in possession of the steer since the alleged purchase.   The evidence showed that one Vaughn was the person from whom the ranch and cattle were purchased.

The reply denied all the affirmative allegations appearing in the answer.   A trial resulted in a verdict for the plaintiff.   The defendant moved for a judgment notwithstanding the verdict, alleging in the motion that—

"The complaint in said action failed to show and allege the ultimate fact that the plaintiff in said action was the owner or entitled to possession of the personal property involved in said action at the time of the commencement thereof. * * "

After hearing the motion, the court set aside the verdict and judgment, granted a new trial and allowed the plaintiff thirty days within which time to serve and file an amended complaint.               AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Morton D. Clifford.*

For respondent there was a brief with oral arguments by *Mr. C. H. McColloch* and *Mr. James H. Nichols.*

HARRIS, J.—1. The objection that the complaint does not state sufficient facts to constitute a cause of action is never waived and may be raised for the first time in the appellate court, or it may be urged here even though a demurrer has been filed in the trial court and overruled with the consent of the parties: *Hargett* v. *Beardsley,* 33 Or. 301 (54 Pac. 203).

2–4. Replevin is essentially a possessory action. The primary right which the moving party seeks to enforce in this action is the right of immediate possession; and unless he is entitled to such possession he has no right to enforce. In this as in other actions there must be a pleading to support a judgment; and the pleading must contain allegations of fact rather than conclusions of law. A defective statement of a good cause of action will support a judgment; but a pleading which entirely omits an essential fact or facts does not support a judgment.

5–7. Turning to the complaint involved in this appeal we observe that the plaintiff says that he owned the steer on April 1, 1916, and that the defendant at that time took the animal from the plaintiff's possession without his consent. The action was not begun until November 30, 1918, more than two years after the alleged taking; and there is no allegation that the plaintiff was entitled to the possession of the steer at the time of the commencement of the action, unless it can be said that the last paragraph of the complaint

amounts to an averment of the right of immediate possession.

Following the ruling in *Scofield* v. *Whitlegge,* 49 N. Y. 259, this court, in *Kimball* v. *Redfield,* 33 Or. 292 297 (54 Pac. 216), held that language like the last paragraph in the complaint presented by this appeal is only a conclusion of law unmixed with the statement of any fact.    A mere conclusion of law is not issuable, requires no denial, and does not aid a pleading: *Klovdahl* v. *Springfield,* 81 Or. 168, 171 (158 Pac. 668); *Dickenson* v. *Henderson,* 90 Or. 408, 411 (176 Pac. 797); 31 Cyc. 50; 21 R. C. L. 441.

Treating the last paragraph in the complaint as a pure conclusion of law, and, on that account, eliminating it from the pleading, there is left a complaint which entirely fails to allege that the plaintiff was, at the time of the commencement of the action, entitled to the possession of the animal; and, therefore, the pleading is insufficient to support a judgment.

The ruling in *Kimball* v. *Redfield* was approved in *Simonds* v. *Wrightman,* 36 Or. 120, 127 (58 Pac. 1100), and it was applied and followed in *Eilers Piano House* v. *Pick,* 58 Or. 54, 57 (113 Pac. 54).    Complaints exactly like the one presented here have been held insufficient in other jurisdictions: *Fredericks* v. *Tracy,* 98 Cal. 658 (33 Pac. 750); *Truman* v. *Young,* 121 Cal. 490 (53 Pac. 1073); *Chan* v. *Slater,* 33 Mont. 155 (82 Pac. 657); *Chambers* v. *Emery,* 36 Utah, 380 (103 Pac. 1081, Ann. Cas. 1912A, 332).

If the question were *res integra* in this jurisdiction this court as now constituted might be inclined to hold that the complaint is sufficient after a verdict and judgment; but the prior adjudications, to which attention has been directed, have established the rule of pleading in this state, and, unless overruled, are controlling

now. Regardless of what our views might be if the
question were a new one, nevertheless we do not think
that we are justified in overruling *Kimball* v. *Redfield*
and thus changing the rule of pleading which has been
firmly established. The holding in *Kimball* v. *Redfield*
decides the question presented upon this appeal; and,
hence, the order made by the trial judge must be
affirmed. The cause is remanded for a new trial with
permission granted to the plaintiff to amend his com-
plaint. AFFIRMED.