CENTRAL PASTO VIEJO, INC., Plaintiff and Appellee, *v.* A. PÉREZ & HNO., Defendant, and MERCEDES OJEA, Defendant and Appellant.

No. 5631. Argued May 11, 1932.—Decided April 20, 1933.

*Arturo Aponte* for appellant.   *J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is a suit that by its title was brought by Central Pasto Viejo against A. Pérez & Hno. In its brief the appellant drew attention to the fact that the original defendant was sometimes described as A. Pérez & Hno., sometimes in the plural or otherwise, but the difference for any purpose was unimportant and could be reconciled under the doctrine of *idem sonans.*

On the first of June, 1926, Alberto Pérez in the name of A. Pérez & Hno. made a deed transferring certain cattle, horses, and other accessories to Central Pasto Viejo. There was evidence tending to show, and so found by the court below, that the plaintiff Central Pasto Viejo marked the cattle with the initials C. P. V. on the right horn and then left all the property with A. Pérez & Hno. for the purpose of making the crop. In July, 1927, Mercedes Ojea, who was a surety for A. Pérez & Hno. to Schlüter & Co., so the evidence tended to show, paid the amount to the said Schlüter & Co. and took or received from A. Pérez & Hno. 24 oxen.

The complaint in this case was to recover the 24 oxen along with all the other animals or personal property described in the complaint. The marshal apparently found none of the other property, but finally took possession of the 24 oxen which were then in the possession of Ojea or at least deposited by him on the property of A. Roig. In the outcome by reason of a bond or otherwise, the property passed to and remained in the possession of the Central Pasto Viejo.

After the suit was filed the record shows that Mercedes Ojea claimed the property. By virtue of sections 171 *et seq.* of the Code of Civil Procedure he filed a motion to be allowed to intervene in the case as a defendant. Specifically he

prayed that he be allowed to intervene, associating himself as a defendant, and to defend it as such defendant in the same way as if he had originally appeared in the suit and a summons had run against him.

A. Pérez & Hno. took no action in the case and judgment by default was rendered against it. Subsequently the court under the issue of claim and delivery raised by Ojea, rendered judgment in favor of the plaintiff Central Pasto Viejo.

On appeal the appellant, probably by inadvertence, failed to file a separate assignment of errors, but nevertheless we shall consider some of the more important questions raised by the appellant.

The first assignment of error as narrated by the appellant was that the complaint failed to state a cause of action. The appellant admits that he did not raise this question in the court below, but claims the privilege given under section 109 of the Code of Civil Procedure and the jurisprudence of this Court. Under these circumstances, and even generally, an assignment of error should not limit itself to say that there was no cause of action but the particular defect complained of should be indicated by the assignment itself.

The supposed vice is that the complaint did not set forth that the plaintiff was entitled to the possession of the personal property at the time of the beginning of the action; that an averment of having the possession at a previous date was not sufficient, but that the right to possession must appear as of the date of the commencement of the action. He cites the following cases to that effect: *Vanalstine* v. *Whelan*, 135 Cal. 232; *Affierbach* v. *McGovern*, 79 Cal. 268; *Fredericks* v. *Tracy*, 98 Cal. 658; *Truman* v. *Young*, 121 Cal. 490; and *Holly* v. *Heiskell*, 112 Cal. 174.

In one of these cases it may be noticed that the court said that the presumption of continuity does not apply. In other words, that the presumption set forth in par. 31 of section 102 of the Law of Evidence and section 461 of the Civil Code has no relation to averments of a complaint.

In one or more of the cases cited, the complaint specifically mentions a particular date and the cases could be otherwise distinguished and we can not hold that they conflict with the existence of a cause of action in the complainant.

The complaint set forth that A. Pérez & Hno. sold to the Central Pasto Viejo the following goods (describing them); that the said plaintiff left the property in their possession until the crop of 1927 should be terminated. Where a complaint recites a deed of sale and states that the possession was left in the vendor, this sufficiently sets forth the right of the plaintiff to obtain possession of the demanded property, and we find nothing in the cases from California or of this Court that conflict with this conclusion. Besides, at the end of the description of the property the plaintiff also said "all these chattels (*bienes*) being property of the said corporation." Although the complaint is not as technical as it might be, no one could read it without coming to the conclusion that the plaintiff was claiming the present right of possession.

Furthermore and especially in a case in which no demurrer was presented in the court below, the complaint could be considered on appeal as amended. *Ismert Hinke Milling Co.* v. *Muñoz,* 37 P.R.R. 762; *Merino* v. *Globe Rutgers Fire Insurance Co.,* 35 P.R.R. 365; *People* v. *Heirs of Valdés,* 31 P.R.R. 213, and *Heirs of Franceschi* v. *González,* 62 F. (2d) 748. Also, we rather think that any doubt of the sufficiency of the complaint became merged in the subsequent issue of claim and delivery.

The second and third assignments are insufficient. The former said that the District Court of Humacao erred in admitting certain proof (*prueba*) as evidence; the latter that the court committed error in retaining as evidence certain inadmissible proof. Very probably there was a certain amount of hearsay that ought not to have been admitted over the objections of the appellant, but we agree with the appellee

that the error was harmless and for lack of a proper assignment we shall consider it no further.

The fourth assignment of error is as follows: "The court erred in deciding in its judgment that the case was one of a double sale and that therefore the complainants ought to be preferred." The first part of this assignment of error relates to a matter of identification of the property and that there was not really a sale. We have examined the evidence and the opinion of the court and we are completely satisfied that the property was sufficiently identified as part of the oxen originally sold to the Central Pasto Viejo under the bill of sale. Indeed, as we shall see, we think there was clearly a sufficient change of material possession.

The other part of the fourth assignment of error is perhaps the most important. The appellant alleges that there was not a sufficient transfer of possession from A. Pérez & Hno. to the Central Pasto Viejo and cites section 1376 of the Civil Code to that effect, as follows:

"If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith."

Perhaps if this case were tried in the continental United States greater doubts might arise. The facts of this case would in some jurisdictions constitute a fraud *per se*, that is to say where a first purchaser leaves the property ostensibly in the possession of the vendor an innocent purchaser is protected. *Davis* v. *Bigler,* 1 A.R. 393; *Norton* v. *Doolittle,* 32 Conn. 405; *Flanigan* v. *Pomeroy,* 85 Minn. 264; *Webster* v. *Peck,* 31 Conn. 495. Some of the states have

passed statutes wherein it is necessary that the change of possession be more or less continuous or ostensible. The original idea of the act that took place here being characteristic of a fraud *per se* has not been followed very generally.

Even on the continent the rule in most jurisdictions is either to make the continuous possession in the original vendor a presumption *juris tantum* only or to leave the question of fraud *vel non* to a jury. The American jurisprudence is summed up in a note to 5 English Ruling Cases, page 40, as follows:

"The modern English doctrine was approved by the Supreme Court of the United States so long ago as 1857, in *Warner* v. *Norton*, 20 Howard, 448, where McLean, J. said (p. 260) :. 'Few questions in the law have given rise to a greater conflict in the law than the one under consideration. But for many years the tendency has been, in England and the United States, to consider the question of fraud as a fact for the jury under the instructions of the Court. And the weight of authority seems to be now, in this country, favourable to this position. Where possession of the goods does not accompany the deed, it is *prima facie* fraudulent, but open to the circumstances of the transaction, which may have an innocent purpose.' "

We have examined *Warner* v. *Norton,* 20 Howard, 448, where these principles are expressed, and they are similarly stated in 27 C.J. 574. Other authorities showing the rules generally applied are *Thorndike* v. *Bath,* 114 Mass. 116: *Dodge* v. *Jones,* 7 Mont. 121; *Waldie* v. *Doll,* 29 Cal. 556; *Bullard* v. *Wait,* 16 Gray (82 Mass.) 55; Benjamin on Sales, 17th ed., note on page 489; *Wilson* v. *Walrath,* 24 L.R.A. (N.S.) 1127 and note; 27 C.J. 574; 12 R.C.L. 555.

In this case there was evidence from which the court had a right to believe that the plaintiff not only took a bill of sale, but also took possession of the cattle originally and marked it with the initials C.P.V. This probably would have been enough on the continent to justify the court's finding.

In Benjamin on Sales, note on page 726, we find the following:

"But whenever a *bona fide* sale of personal property has been made and the price paid, slight acts are sufficient to show a delivery, good against even the claim of third persons."

However, in Puerto Rico we have not the same history or precedents in regard to the presumption of fraud. Section 1376 of the Civil Code gives the ownership to the person who first takes possession. A conflict between two purchasers from the same vendor is categorically decided in favor of the one who first takes possession. Therefore, if the court below was right in weighing the evidence, the Central Pasto Viejo on taking a bill of sale and marking the cattle was the first to take possession.

We agree with the appellant and its citations to Scaevola, second edition, volume 8, page 260, that the mere symbolic transfer set forth in section 1365 of the Civil Code could not stand on the face of the more positive provisions of section 1376.

The fifth error goes to the weighing of the evidence by the court below. In part of its brief the appellant seriously questions whether the oxen were marked by the plaintiff with the initials C. P. V. at the time of the original alleged taking of possession. The court, however, at the request of the appellant, took a view of the cattle. No record of this view has been transcribed in the transcript before us, but in its opinion the judge says:

". . . . . and further as a fact of material possession as to the branding of the cattle in question with its own initials, of which fact we could take notice on making the ocular inspection, wherein we found such branding on the horns, some of which were scarcely perceptible with signs of an effort to eradicate them."

The suggestion that the Central Pasto Viejo caused these marks to be made after it took possession under the attachment in the present suit merits no serious consideration.

Surely the Central Pasto Viejo would not have attempted to obliterate its own marks.

At the hearing of this case the greatest insistence of the appellant was that the property had not been sufficiently identified. He discusses at some length the various marks that the cattle had and the failure of the marshal or the plaintiff to properly describe the cattle in the respective writings, the return and the complaint. We agree with the appellant that the description at least in the return of the marshal might have been more specific, but of the identity of the cattle that were in fact transferred to the Central Pasto Viejo we have no doubt.

The sixth assignment of error is to the effect that A. Pérez & Hno. was not in possession of the cattle at the time of the commencement of this action and that the plaintiff knew it. It is evident that the defect of the complaint, if any, was cured by the appearance of the defendant Ojea who was in possession of the property and asked to be made defendant.

The forerunner of the present right of claim and delivery was the action of replevin and the authorities tend to show that there an action might be begun against a person originally in possession and the property recovered from a fraudulent transferee. We gather from the said authorities that it is only necessary to mention the original person in possession in the complaint. *Sinnott* v. *Feiock,* 165 N.Y. 444, 53 L.R.A. 565; *Nichols* v. *Michael,* 23 N.Y. 264.

We may say in passing that probably some of the statements of one or more of the witnesses were not credible, but there is nothing in the record to show that the court put a false reliance on them. Indeed, we are well satisfied that the court had a right to believe that the Central Pasto Viejo after this sale took possession of the goods and marked them. We have no doubt whatsoever of the *bona fide* first sale on the part of A. Pérez & Hno. to the Central Pasto Viejo.

888

In several parts of his brief the appellant lays great stress on the fact that the complaint admits that the property was left in the possession of A. Pérez & Hno., and also that the administrator admitted that the property was left in the possession of said A. Pérez & Hno. As between the plaintiff and the original defendant, it was unnecessary to allege all the conditions under which the property was left in possession of the said defendant. The supposed admissions of the complaint were sufficiently explained when the issue of who took first possession was presented to the District Court of Humacao, namely, by taking possession of the cattle and branding the horns, as found by the court below.

The judgment appealed from should be affirmed.