Argued June 16, affirmed July 11, 1916.

# KLOVDAHL v. SPRINGFIELD.*

(158 Pac. 668.)

**Pleading—Conclusion of Law.**

1. The statement of the complaint that "notice was not given as required by the charter," instead of stating the facts, leaving the court to draw the conclusion whether or not the charter requirements were fulfilled, is but a conclusion of law, not issuable, and not requiring denial, and giving plaintiff no standing to litigate lack of jurisdiction from failing to give notice as required.

**Municipal Corporations — Street Improvements — Sidewalks — Remonstrance.**

2. Under a city's charter (Sp. Laws 1893, p. 245), in terms giving right of remonstrance against improvement of a street or alley by grading or graveling, there is no right of remonstrance against laying of sidewalks by the city at the expense of the abutting realty.

**Municipal Corporations—Street Improvements—Remonstrance.**

3. A remonstrance against street improvements should show that its signers are the owners of two thirds of the adjacent property, necessary under the charter to be effectual.

**Quieting Title—Cloud on Title—Assessment Ordinance.**

4. If an assessment ordinance utterly fails to describe one's property, it does not constitute a cloud on his title.

> [As to right to maintain action to remove lien of special assessment as cloud on title, see note in Ann. Cas. 1914A, 888.]

**Municipal Corporations—Assessment Ordinance—Description of Land.**

5. Description of land in an assessment ordinance is sufficient, if with it a surveyor, either with or without the aid of extrinsic evidence, could locate the premises with reasonable certainty, though, while the land is in block 2, it is recited to be lots in block 21.

**Municipal Corporations—Sidewalk Construction—Waiver of Lien.**

6. A city does not waive its lien for an assessment for construction of a sidewalk, because it does not immediately issue its warrant for the collection at the end of the 20 days in which the tax may be paid by the land owner.

## From Lane: JAMES W. HAMILTON, Judge.

*As to general liability of municipality which is unable or has failed to enforce assessments for local improvements, see note in 32 L. R. A. (N. S.) 163 et seq.        REPORTER.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is a suit by Simon Klovdahl against the town of Springfield and others, in which the plaintiff undertakes to give a history of the doings of the council of Springfield resulting in building a cement sidewalk in front of his property and docketing a lien against his holdings for $580.21, whereby, as he avers, a cloud was created upon his title. Contending that the proceedings of the city in that respect were void, he brings this suit. He declares that the charter of the town requires notice to be given of the time when and place where the contract for making an improvement will be let, referring also to the ordinance providing for the same and the date of its passage. He then avers:

"That said notice was not given for the letting of the contract for the construction of the sidewalk and curbs referred to herein, as required by the charter of said town."

According to his statement, the charter directs that, if the owners of two thirds of the property adjacent to the proposed improvement file with the recorder a written remonstrance before the letting of the contract, no contract shall be let. He complains:

That a "remonstrance was filed on or about November 30, 1908, against the said improvement proposed to be made, and was signed by the owners of more than two thirds of the property adjacent to the said proposed improvement," and that no notice of the same was taken by the council except that it was filed.

He asserts, also, that the city has waived its lien because it did not immediately issue its warrant for the collection of the tax when the owner failed to pay the same within 20 days after its docketing. He claims, too, that the ordinance apportioning the amount

to be collected from his property for the improvement does not correctly describe his holding, in that the enactment locates it in block 21, whereas it is in block 2, in the original town of Springfield.

The defendants answered, enlarging somewhat upon the history of the proceeding. A reply was filed, challenging the new matter of the answer in some particulars, a hearing was had, and a decree entered dismissing the suit, from which the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Thompson & Hardy,* with an oral argument by *Mr. Charles A. Hardy.*

For respondents there was a brief with oral arguments by *Mr. John. H. Bower* and *Mr. Sjur P. Ness.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The chief plaint of the suitor is that the city was without jurisdiction, because notice was not given of its intention to build the walk. The allegation of the complaint, however, presents no issuable statement on this subject. Good pleading requires that, instead of saying that "notice was not given as required by the charter of said town," the facts relating to that matter be averred, leaving the court to draw the legal conclusion of whether or not the requirements of the charter have been fulfilled: *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *Zorn* v. *Livesley,* 44 Or. 501 (75 Pac. 1057); *State* v. *Malheur County Court,* 54 Or. 255 (101 Pac. 907, 103 Pac. 446); *Equitable Saving & Loan Assn.* v. *Hewitt,* 55 Or. 329 (106 Pac. 447); *Morton* v. *Wessinger,* 58 Or. 80 (113 Pac. 7); *Long* v. *Dufur,*

58 Or. 162 (113 Pac. 59); *Moore* v. *Fowler,* 58 Or. 292 (114 Pac. 472); *Proebstel* v. *Trout,* 60 Or. 145 (118 Pac. 551); *McDaniel* v. *Chiaramonte,* 61 Or. 403 (122 Pac. 33); *Splonskofsky* v. *Minto,* 62 Or. 560 (126 Pac. 15); *Scholl* v. *Belcher,* 63 Or. 310 (127 Pac. 968); *Shipman* v. *Portland Const. Co.,* 64 Or. 1 (128 Pac. 989); *Equi* v. *Olcott,* 66 Or. 213 (133 Pac. 775); *Purdin* v. *Hancock,* 67 Or. 164 (135 Pac. 515); *Barnard* v. *Houser,* 68 Or. 240 (137 Pac. 227); *Templeton* v. *Cook,* 69 Or. 313 (138 Pac. 230); *Farrell* v. *Kirkwood,* 69 Or. 413 (139 Pac. 110). The statement of the complaint on this point is but a conclusion of law, which the authorities cited demonstrate is not issuable and does not require denial. The plaintiff has no standing to litigate the lack of jurisdiction on the part of the city council.

2, 3. The provisions of the charter involved are found in the act of February 10, 1893 (Sp. Laws, 1893, p. 245). Section 68 empowers the council, whenever it deems it expedient, to establish or alter the grade of or to improve or repair any street or alley, or any part thereof, and says that this authority includes the power to improve, build or repair the sidewalk, pavement or curbing on any street or alley, to determine and provide for everything convenient or necessary concerning such improvement, and for the construction, cleaning and repairing of cross-walks adjacent to the property by the owner thereof, or by the town at the expense of such owner, and that such expense be a lien upon such property. Section 70 says that the work of improvement by grading or graveling any street or alley shall be let by contract to the lowest responsible bidder. Section 71 declares that no contract to grade or gravel any street or alley shall be let until after the recorder, by order of the common

council, shall have given 10 days' notice thereof, either by publication in a newspaper or posting the same in public places. Section 72 provides the terms of such notice. Section 73 reads thus:

"The owners of two thirds of the property adjacent to such street or alley, or part thereof, to be improved, have the right to make and file with the recorder a written remonstrance against the proposed improvement or repair at any time before the last two preceding days stated in said notice for the letting of such contract."

Section 74 provides:

"If such remonstrance be filed as in the preceding section provided, no contract shall be let for the work of grading or graveling of such street or alley, and no further proceedings shall be taken for the same or similar improvement of such street or alley for six months after the filing of such remonstrance, except on petition of the owners of two thirds of the property liable therefor."

Finally, the following section says:

"If no remonstrance be filed as above provided, the contract to grade and gravel such street or alley may be let as in such notice stated."

The paper relied upon as a remonstrance appears in the record, and upon the point of ownership as qualifying the remonstrators it states:

"As grounds for this remonstrance we allege that we are the owners of real estate abutting on said proposed improvement and the cost of said improvement would be in excess of the benefits to be derived from the same."

The charter clearly distinguishes between the building of sidewalks and the improvements of a street by grading or graveling. No provision is made for

remonstrating against laying down a sidewalk at the expense of the abutting realty. The owner's right to remonstrate is confined to the matter of improving the street or alley by grading or graveling. Moreover, the instrument called the remonstrance does not show that the signers are the owners of two thirds of the property adjacent to the street or alley, and hence is insufficient for the purpose designed. The opposition cannot rest partly in writing and partly in parol, or somewhat in averment and otherwise in proof. The grounds of the opposition must be stated in the remonstrance itself as fully as required by the charter.

4, 5. With respect to the manner in which the property is described by the city, it would be sufficient to say that if the assessment ordinance utterly fails to describe the plaintiff's property, it would not constitute a cloud upon his title. On the other hand, if it is sufficient to identify his property, he has no standing in court to complain upon that ground. The description in the ordinance levying the assessment reads thus:

"Beginning at the northwest corner of block 21 in the town of Springfield, thence east along the south side line of Main Street a distance of 302.7 feet to the northeast corner of said block, thence south to the southeast corner of lot 1 in said block 21, thence west to the southwest corner of lot 2 in said block 21, and being the east side line of Mill Street, thence north along the east side line of Mill Street to the place of beginning, being lots numbered 1 and 2 in said block 21, in the town of Springfield, Lane County, State of Oregon."

The plaintiff says his property is in block 2 of the original plat of the town of Springfield, and this is his only criticism of the city's designation of his realty. The rule on this subject is thus laid down by Mr.

Justice MOORE in *Smith* v. *McDuffee,* 72 Or. 276, 284 (142 Pac. 558, 560):

"In construing the language of deeds or other writings relating to real property, it has been held that the description of land therein contained was sufficient, if, with the stated instrument before him, a surveyor, either with or without the aid of extrinsic evidence, could locate the premises with reasonable certainty: *Willamette Co.* v. *Gordon,* 6 Or. 175; *House* v. *Jackson,* 24 Or. 89 (32 Pac. 1027); *Hayden* v. *Brown,* 33 Or. 221 (53 Pac. 490); *Bogard* v. *Barhan,* 52 Or. 121 (96 Pac. 673, 132 Am. St. Rep. 676); *St. Dennis* v. *Harras,* 55 Or. 379 (105 Pac. 246, 106 Pac. 789)."

See, also, *Talbot* v. *Joséph,* 79 Or. 308 (155 Pac. 184); *McMaster* v. *Ruby,* 80 Or. 476 (157 Pac. 782). We apprehend that any ordinary surveyor, guided by the rule thus laid down, could locate the property described by the ordinance.

6. The city does not waive its lien because it does not immediately issue its warrant for the collection at the expiration of the 20 days in which the tax may be paid by the freeholder. The pleadings and the evidence do not disclose any legal or equitable complaint against the burden laid upon the plaintiff's property by the proceedings in question.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE EAKIN and MR. JUSTICE HARRIS did not sit.