Submitted on briefs July 19, affirmed October 19, 1921.

JAMES et al. v. CITY OF NEWBERG et al.

(201 Pac. 212.)

**Municipal Corporations—Words "Sidewalk" and "Pavement" not Synonymous Within Charter Provision as to Assessment.**

1. The terms "sidewalk" and "pavement," within charter provision relating to the assessment for cost of building or repairing any "sidewalk" or "pavement," are not synonymous.

**Constitutional Law—Courts will not Consider Injustice to Persons in Construing Provisions of City Charter.**

2. Under Constitution, Article III, Section 1, the court in construing a city charter provision will not consider injustice to property owners caused by construing the charter in a certain manner; such matters being for the legislature and not the courts.

**Statutes—Legislature may Define Meaning of Terms Used.**

3. The legislature may properly define the meaning of terms used by it in a statute, and where this has been done the definitions prescribed are binding for the purpose of the statute.

Statutes—Words Taken to have Been Used in Same Sense Where
    Applied to Same Subject Matter.

4. If same word occurs in different parts of a statute, it must
be taken to have been everywhere used in the same sense when
applied to the same subject matter, but words and phrases may be
used with different significations and with different shades of mean-
ing in different connections.

Statutes—Effect Given to Every Section, Paragraph, Sentence,
    Clause, and Word.

5. Effect should, if possible, be given to every section, para-
graph, sentence, clause, and word.

Municipal Corporations—Charter Considered in Its Entirety in Con-
    struction of Provision Thereof.

6. In construing a provision of a city charter, the charter will
be considered in its entirety.

From Yamhill: H. H. BELT, Judge.

In Banc.

This is a suit to restrain the defendants from as-
sessing plaintiffs' property for street improvement
purposes. The plaintiffs own Lot 2, Block 8,
Deakin's Addition to Newberg, no part of which
abuts upon Garfield Street, but which is separated
from that street by Lot 1 of the same block. The de-
fendant City of Newberg, a municipal corporation,
contracted to pave Garfield Street.

From the record before us, it appears that the
council of the City of Newberg passed a resolution
adopting plans and specifications for the improvement
of Garfield Street from the north line of First Street
to the South line of Sheridan Street. In pursuance
of that resolution, the recorder gave notices as therein
directed and in the form required by law. It further
appears that the City of Newberg took all necessary
steps and measures to authorize it to make such im-
provements.

For relief, plaintiffs prayed that defendants be re-
strained from assessing any part of the cost of pav-

ing Garfield Street against their lot. The city, through its attorney, demurred to the complaint on the ground that it "failed to state facts sufficient to constitute a cause of suit." The demurrer was overruled, and, the defendants having refused to plead further, the court entered a decree for plaintiffs.

Defendants appeal, assigning as error the overruling of their demurrer and the entering of decree for plaintiffs.                                                                AFFIRMED.

For appellants there was a brief over the name of *Mr. C. R. Chapin.*

For respondents there was a brief over the names of *Messrs. Wood, Montague & Matthiessen* and *Mr. Clarence Butt.*

BROWN, J.—1. The one question presented for decision is, whether or not the terms "sidewalk" and "pavement," as used in the proviso found in Section 110 of the charter of the City of Newberg, are exact synonyms. The proviso reads:

"Provided, that all assessment for the cost of building or repairing any sidewalk or pavement shall be upon the property immediately adjacent to or abutting thereon, and for the full price of constructing or repairing such sidewalk or pavement."

2. The defendants contend that the words "sidewalk" and "pavement," as used in the above proviso, mean the same thing, and that that thing is "sidewalk." It is urged with force that any other construction would work injustice to certain property owners. This argument may be very properly addressed to the legislative power. Our duty compels us to apply the law as it has been written by the legis-

lative assembly into the charter of Newberg. The powers of the legislative department shall not be exercised by the judicial: Article III, Section 1, Constitution of Oregon. The writer has long been convinced of this truth:

"If you depart from the law, you will go astray, and all things will be uncertain to everybody." Co. Litt. 227b.

3. The legislature may properly define the meaning of the terms used by it in a statute, and, where this has been done, the definitions prescribed are binding for the purpose of that statute. But in the instant case, the legislature prescribed no definition for either of the terms under consideration.

4, 5. A general rule of statutory construction is, that if the same word occurs in different parts of the statute, it must be taken to have been everywhere used in the same sense when applied to the same subject matter: *United States* v. *Hill,* 123 U. S. 686 (31 L. Ed. 277, 8 Sup. Ct. Rep. 308, see, also, Rose's U. S. Notes). That rule does not conflict with the formula that words and phrases may be used with different significations and with different shades of meaning in different connections. In the construction of statutes, a familiar rule is that effect should be given, if possible, to every section, paragraph, sentence, clause, and word.

6. In arriving at the meaning to be given to the words "sidewalk" and "pavement," we will not confine ourselves to the language in the proviso quoted above, but, for the purpose of noting their use by the framers of the charter, will consider the charter in its entirety. At Section 60 thereof, we read:

"The council is authorized and empowered to improve the sidewalks, pavements, streets, and parts of streets."

The word "pavement," here used, has a distinct meaning and effect. It does not signify sidewalk.

Paragraph 17, Section 16, is as follows:

"To provide for the removal * * of all obstructions from side and crosswalks."

Note the provision contained in paragraph 19 of said section:

"To regulate the use of streets and sidewalks and crosswalks."

Again, note paragraph 41 of said section:

"To regulate the use of streets and sidewalks * * . Provided that the council shall have no power to authorize any encroachment upon * * any sidewalk."

And note, again, paragraph 46 of said section:

"Providing for the * * repairing of * * sidewalks."

Once more, take note of paragraph 47 of said section:

"To regulate the use of * * sidewalks."

In each of these paragraphs, when sidewalk is referred to the term "sidewalk" is exclusively employed, and no superfluous synonym is found.

An examination of the charter convinces us that the words "sidewalk" and "pavement" are used in their ordinary sense, and that both words are effective. Many charters were adopted by the legislative assembly which enacted the charter of the City of Newberg, and nowhere in those charters do we find the terms "sidewalk" and "pavement" used synonymously.

Some of the many definitions of the terms "sidewalk" and "pavement" are as follows:

Words & Phrases gives this concise definition of sidewalk:

"Sidewalk has a definite meaning. It is a way for foot passengers." Citing *Salisbury* v. *Andrews,* 36 Mass. (19 Pick.) 250, 258.

In Vol. 7, McQuillin, Municipal Corporations, Supplement, we find:

"A sidewalk is a way for foot passengers or a public way especially intended for pedestrians; a path or way for the use of foot passengers at the side of the street. Street, in its broad and general sense, includes sidewalk * * ." Section 1286.

"A sidewalk is a part of the street, exclusively reserved for pedestrians, and constructed somewhat differently than other portions of the street, made use of by animals and vehicles generally. It is paved differently that the public may be better served by maintaining the two portions of the way separately. Whatever may be the difference it constitutes a part of the street: *Central Life Assur. Soc.* v. *Des Moines,* 185 Iowa, 573, 577 (171 N. W. 31)." Note to Section 1286, McQuillin, *supra.*

In Century Dictionary and Encyclopedia, we read:

"Sidewalk: A footwalk by the side of a street or road; * * usually separated from the roadway by a curb and gutter. Also (in Great Britain nearly always) called pavement."

Webster's International Dictionary says:

"Sidewalk: A walk for foot passengers at the side of a street or road; a foot pavement. In Great Britain, usually called pavement; in Australia, footpath."

A statement plainly true is:

" 'Paving' is a word, the meaning of which, like most any other, will depend on where and the connec-

tion in which it may be used." *Muff* v. *Cameron*, 134 Mo. App. 607 (114 S. W. 1125, 1126, 117 S. W. 116).

"The term 'pave,' in its generic sense, means to place some substance on the street so as to form an artificial roadway or wearing surface, which shall change the natural condition of the street. The word is much more comprehensive than the term 'macadamize,' but it embraces all that the term 'macadamize' covers." Words & Phrases, 2d series.

Volume 9, Nelson's Encyclopedia, gives this approved definition of the term "pavement":

"Pavement is a hard covering of the surface of a road or footway commonly composed of macadam, granite blocks, brick, sheet, or block, asphalt or wood for vehicular traffic, and blue flagstones, cement or tar, concrete and brick for sidewalks. In the United States, the term 'pavements' is rarely used to include sidewalks or any kind of footpaths."

We take the following from The New International Encyclopedia, Vol. XV, p. 464:

"Pavement: This term, in its broader sense, includes any firm, hard covering for areas subjected to the wear and tear of human feet, or of hoofs and wheels, designed to keep the feet or wheels from the ground or earth, and to present a more or less dry, durable, and smooth surface. Under this definition would be included the paved floors of cathedrals and other public buildings often of an ornamental character (see Tiles), as well as the surfaces of courtyards, walks, streets, and highways, on which stones or other durable materials are placed. In the modern and more restricted sense, pavements are generally limited to the wearing surface of that portion of improved streets lying between the curbs, thus excluding the sidewalks."

We hold that the words "sidewalk" and "pavement," as used in the charter of the City of Newberg,

do not express the same thing. Each word, as there used, has a distinct meaning.

The decree appealed from is affirmed.   AFFIRMED.

Chief Justice BURNETT did not participate in this decision.