Argued on demurrer to alternative writ December 29, 1927, writ allowed January 10, 1928.

## STATE EX REL. EUGENE *v.* B. F. KEENEY, ASSESSOR.

(262 Pac. 943.)

**Statutes—Word Should be Given Same Meaning in Statute When Applying to Same Subject-matter, Unless Contrary Intention Appears.**

1. Word occurring in different parts of statute should be given same meaning in all parts when it applies to the same subject-matter, unless it appears that legislature intended otherwise.

**Municipal Corporations—Charter Provision, Respecting Notice of Election, Held Construed as a Statute.**

2. Provision of city charter, requiring recorder to give specified notice of election by publication in newspaper of each general or special election, was to be construed as if it were a statute, and word was to be given same sense in all portions of provision, where it did not appear that a different meaning was intended to be given.

**Municipal Corporations—Charter Provision That Notice of Election Should "Contain" Measure Submitted Required Only Statement of Proposed Charter Amendment.**

3. Provision of city charter that recorder should give notice by publication of each general and special election, which notice should, in case of general election, "contain" officers to be elected, and measure or other questions to be submitted, and, in case of special election, measures or other question to be voted on, and also contain places designated for holding election, *held* to require only statement of proposed charter amendment, and not full copy thereof.

**Municipal Corporations—Notice of Election Held to Sufficiently Set Forth Proposed Charter Amendment.**

4. Notice of special election given under provisions of city charter *held* to sufficiently describe proposed charter amendment, empowering common council to levy tax in addition to previously authorized tax for public playgrounds and recreation areas.

**Municipal Corporations—Charter Amendment Held not Void Because not Specifying That Proposed Tax Levy Would Exceed Conditional Constitutional Limitation nor Amount of Levy or Tax (Const., Art. XI, § 11).**

5. City charter amendment to empower common council in its discretion to levy tax for playgrounds and recreation areas in excess of conditional limitation imposed by Constitution, Article XI, Section 11, providing conditionally that municipality may not levy tax which would raise greater revenue than levy of preceding year, plus

---

1. See 25 R. C. L. 994.

6 per cent thereof, *held* not void because it did not specify that levy would exceed such limitation nor amount of levy nor amount of tax.

**Municipal Corporations—Where, Pursuant to Charter Amendment, Council Levied $2,500, Levy was not Void Because not in Dollars and Cents (Or. L., § 4304, as Amended by Laws 1925, p. 305, § 1).**

6. Where city charter amendment authorized levy of tax not exceeding three tenths of one mill for playgrounds and recreation areas, and city council made levy of $2,500, which was not in excess of amount specified in amendment, levy *held* not void on ground that it was not in dollars and cents, as required by Section 4304, Or. L., as amended by Laws of 1925, page 305, Section 1.

**Mandamus—Alternate Writ to Compel County Assessor to Extend City Tax Levy Need not Allege Assessor was Resident of City, and Paid Taxes Therein.**

7. Writ of *mandamus* issued to compel county assessor to extend levy, made by city council for playgrounds and recreation areas, on tax-roll, *held* not insufficient because it contained no allegation that defendant was resident of city and paid taxes on property therein, since duty of entering levy on tax-roll arose from fact that he was assessor.

**Mandamus—Alternative Writ to Compel Assessor to Extend Levy Pursuant to Charter Amendment Adopted by Voters Need not Allege Number of Voters in City.**

8. Writ of *mandamus*, issued to compel county assessor to extend on tax-roll levy for playgrounds and recreation areas made by city council pursuant to charter amendment adopted by popular vote, *held* not insufficient because it failed to allege number of voters within city.

---

Mandamus, 38 C. J., p. 872, n. 61.
Municipal Corporations, 43 C. J., p. 87, n. 62.  28 Cyc., p. 1667, n. 61, p. 1691, n. 67.
Statutes, 36 Cyc., p. 1124, n. 79 New, p. 1132, n. 79, 81.

ORIGINAL PROCEEDING IN MANDAMUS.

For plaintiff there was a brief over the name of *Messrs. Harris, Smith & Bryson,* with an oral argument by *Mr. Lawrence T. Harris* and *Mr. S. M. Calkins.*

For defendant there was a brief and oral argument by *Mr. H. E. Slattery.*

---

6. Effect of omission of dollar-mark or other designation indicating money, see note in **Ann. Cas.** 1915C, 338.

RAND, C. J.—The State of Oregon, on relation of the City of Eugene, instituted these proceedings to compel the defendant, as the county assessor of Lane County, Oregon, to enter upon the tax-roll for the year 1928 a tax levy of $2,500, made by the City of Eugene for municipal playgrounds. An alternative writ of *mandamus* was issued, directed to said defendant, requiring him, as such assessor, to extend the same upon the tax-roll, or to show cause why he had not done so. To this writ defendant has demurred and by his demurrer he challenges not only the validity of the levy but also the validity of the amendment to the charter of the city under the authority of which the levy was made.

It appears from the allegations of the writ that on March 28, 1927, the common council of the City of Eugene adopted a resolution providing for the submission to the electors of an amendment to the charter authorizing the council to make a special levy in addition to its regular general levy of a tax not to exceed three-tenths of one mill on the dollar valuation of taxable property within the city for the acquisition, maintenance and supervision of public playgrounds and recreation areas in the city and filed said resolution with the city recorder; that the common council, on May 9, 1927, passed an ordinance ordering that the proposed amendment be submitted to the legal voters of the city for their adoption or rejection at the special state wide election to be held on June 28, 1927, pursuant to Chapter 437, Laws of 1927. It also appears that on May 23, 1927, the council adopted a resolution stating that the purpose of submitting said amendment was to secure authority to levy a tax in addition to and in excess of the constitutional limitation, limiting cities to a 6 per

cent increase in their levies over those of the preceding year, and directing the city recorder to indicate in the election pamphlet as well as in the notice of election and on the ballot itself that the levy was intended to be in addition to and in excess of said constitutional limitation. It also appears from the writ that an election pamphlet was published and distributed among all of the voters of the City of Eugene and that notice of such election was duly published and that it was stated in the election pamphlet and in the notice of election and on the ballot itself that the levy was intended to be in addition to and in excess of the constitutional 6 per cent limitation. It also appears that the proposed amendment was copied *verbatim* and published in the election pamphlet so distributed to the voters of said city. It further appears from the writ that the election was duly and regularly held and that the amendment was adopted by a majority of the votes cast by the legal voters of said city at said election, and that by said amendment so adopted the common council thereby became authorized and empowered to include in the tax levies thereafter to be made a special levy of not to exceed three-tenths of one mill upon the dollar valuation for the acquisition, maintenance and supervision of public playgrounds and recreation areas within the City of Eugene and also for the appointment of a playground commission. It also appears from the writ that pursuant to the authority thus conferred by said charter amendment an ordinance was duly and regularly passed by the common council of the city levying a tax in the sum of $2,500 for municipal playgrounds, and that, as required by Section 4303, Or. L., the City of Eugene, through its duly authorized officers, gave notice in writing to the de-

fendant as assessor of Lane County of such tax levy in the sum of $2,500 to be raised by taxation for said purpose, and that the defendant as such assessor then and there refused and still refuses to extend said levy upon the tax-roll for the year 1928.

Defendant's first contention is that the charter amendment in question is void because the notice of the election at which the amendment was adopted did not conform to the requirements of Section 30 of Chapter 5 of the charter of the City of Eugene, which provides that:

"The Recorder shall give ten (10) days' notice by publication in some newspaper in the City of Eugene of each general or special election, if a general election the notice shall contain the officers to be elected thereat, and the measures or other questions, if any, to be submitted; if a special election, the measures, if any, and any other question to be voted upon at such election, and the notice shall also contain the place or places designated for holding a general election or special election."

His contention is that the word "contain" as used in Section 30, above quoted, means that a proposed amendment of the charter must be set out in its entirety in the published notice of election and that merely to describe the proposed amendment, if not copied in full, is insufficient. The provision referred to provides that the notice of election shall contain "the measures or other questions to be submitted," but it also provides that it shall contain "the officers to be elected" and "the place or places designated for holding a general election or special election."

1-4. Where the same word occurs in different parts of the statute, it must be taken to have been everywhere used in the same sense when applied to the same subject-matter (*James* v. *City of Newberg*, 101

Or. 616 (201 Pac. 212), unless it appears that the legislature intended for it to be given a different meaning (*Lasene* v. *Syvanen* (Or.), 257 Pac. 822). It is manifest that the word "contain," as used in the charter, defining the notice to be given of a city election, does not mean that the notice shall contain "the officers to be elected" or "the place or places designated for holding a general election or special election," and unless the word is to be given a different meaning in its application to the various things mentioned, a particular description of the measure to be voted upon would be sufficient. This provision of the charter should be construed as if it were a statute and, when given that construction, it means that the notice of election shall contain the names of the officers to be elected and shall contain a statement of the measures or other questions to be voted upon and contain a designation of the place or places where the vote is to be taken. With this construction, the notice of election was sufficient for it described the proposed amendment with great particularity, so much so that no one could be misled or mistaken as to the measure upon which they were voting. As published, the notice read:

"Notice is hereby given, that pursuant to the terms of section thirty, chapter five of the charter of the city of Eugene, Oregon, and Ordinance numbered 5962 passed by the Common Council of the city of Eugene on the 9th day of May, 1927, and approved by the Mayor on the same day, a special municipal election will be held in said City on Tuesday, the 28th day of June, 1927, from the hour of 8 o'clock in the forenoon to the hour of 8 o'clock in the afternoon, and at said election the following proposed charter amendments will be submitted to the electors of said city, A, B, C, D, and F referred by the Com-

mon Council and E submitted by initiative petition for their approval or rejection, to wit: * * D. An Act to amend the Charter of the City of Eugene by adding a new Chapter thereto, authorizing and empowering the Common Council of the City of Eugene, for the purpose of providing, maintaining and supervising the public playground and recreation area for said City, to include in its general tax levy each year such special levy as shall be required in the judgment of the Common Council, not to exceed 3–10 of one mill upon the dollar valuation, for the acquisition, maintenance and supervision of public playgrounds, and recreation areas for the City of Eugene; and for the appointment of a playground commission. This levy shall be in addition to and in excess of the constitutional 6 per cent limitation upon the City's tax levy. * *

"Dated this 14th day of June, A. D. 1927.

"GEO. A. GILMORE,
"City Recorder."

As published, the notice complied with the requirements of the charter and was sufficient.

5. The defendant also contends that the playground charter amendment is void because it contravenes Article XI, Section 11, of the state Constitution in that (1), it does not specify that the proposed levy shall exceed the 6 per cent limitation; (2) it does not specify the amount of the levy; and (3), it does not specify the amount of the tax. So far as material to these questions, the constitutional provision referred to reads thus:

"Unless specifically authorized by a majority of the legal voters voting upon the question neither the state nor any county, municipality, district or body to which the power to levy a tax shall have been delegated shall in any year so exercise that power as to raise a greater amount of revenue * * than the total amount levied by it in the year immediately preced-

ing * * plus six per centum thereof; * * provided, further, that the amount of any increase in levy specifically authorized by the legal voters of the state, or of a county, municipality, or other district, shall be excluded in determining the amount of taxes which may be levied in any subsequent year."

This provision of the Constitution does not expressly or impliedly require that the measure to be voted upon shall contain as a part of its text a declaration that the proposed levy shall exceed the 6 per cent limitation, nor that it shall specify the amount of the levy or the amount of the tax. All that it does require is that the levying body shall not raise revenue in excess of the 6 per cent limitation unless specifically authorized by a majority of the legal voters voting upon the question. Neither the Constitution nor the statutes declare the mode of procedure to be followed in specifically authorizing the levying body to exceed the constitutional limitation. The notice of election and ballots which were submitted to and used by the voters notified them that the adoption of the measure would authorize the council in its discretion to levy a tax to the extent of three-tenths of one mill on the dollar valuation in excess of the 6 per cent limitation and that when a voter cast a ballot marked "yes," he voted to specifically authorize the council to make that much of an excess levy and, since the majority of the votes cast were in favor of the adoption of the amendment, authority was conferred upon the council to make a levy for that particular purpose, provided only that it did not exceed the limitation contained in the amendment of three-tenths of one mill on the dollar of the property subject to the tax.

6. The contention that the levy was not made in dollars and cents is wholly without foundation. The

charter amendment authorized the council to make a levy not exceeding three-tenths of one mill for playground purposes. The council made a levy of $2,500, which was not in excess of the charter amendment. The voters of Eugene specifically authorized the common council to levy a tax for that amount in excess of the 6 per cent limitation, subject only to the further limitation that such excess should not exceed three-tenths of one mill. Section 4304, Or. L., as amended by Chapter 206, Laws of 1925, provides that cities shall make their total levy in dollars and cents and not otherwise, and shall so report the levy to the county assessor and county clerk, and makes it the duty of the assessor to compute the rate per cent of levy by dividing the assessed valuation into the total amount of money proposed to be raised by taxation. The proceedings had complied with the provisions of this section and resulted in conferring upon the common council of the City of Eugene the power to make the levy in question.

7, 8. It was not necessary for the writ to contain an allegation that the defendant Keeney was a resident of Eugene and a taxpayer upon property located within the city. He was the assessor of the county and the duty of entering this levy upon the tax-roll arose from the fact that he was the assessor of the county in which the City of Eugene is located and it was wholly immaterial whether he was a resident or taxpayer therein or not. Nor was it necessary for the writ to allege the number of voters within the City of Eugene.

We find no merit in any of defendant's contentions and no illegality in any of the proceedings in question. For that reason a peremptory writ, requiring the defendant to extend the levy made by

the common council of the City of Eugene for playground purposes upon the tax-roll, will be here and now issued and it is so ordered.    WRIT ALLOWED.