Argued February 1, writ denied and petition dismissed February 21, 1928.

## ASTORIA v. SAM A. KOZER, SECRETARY OF STATE, ET AL.

(264 Pac. 445.)

**Constitutional Law—Statute must be Construed to be Within Constitution, if Language Thereof Reasonably Admits of Such Construction.**

1. Courts are required to construe statutes to be within the Constitution, if language thereof will reasonably admit of such construction.

**Taxation—Since Act Permitting City of Astoria to Appropriate State Taxes Collected has Been Held Constitutional, Word "Taxes" as Used Therein must be Given Restricted Meaning (Laws 1923, p. 432).**

2. Since Laws of 1923, page 432, permitting the City of Astoria to appropriate all state taxes collected from persons and property within corporate limits, has been construed to be constitutional, the restricted meaning must be given the word "taxes" as used in the act.

**Statutes—Construction must be Adopted Which, if Possible, will Give Effect to All Provisions of an Act (Laws 1923, p. 432; Or. L., §§ 715, 716).**

3. In construction of General Laws of 1923, page 432, providing that City of Astoria may appropriate state taxes collected from persons and property within corporate limits, court under Sections 715 and 716, Or. L., must ascertain intention of legislature from language used and adopt such construction of the act as to give effect, if possible, to all provisions thereof.

**Taxation—"State Taxes," Which City of Astoria Could Appropriate Under Act, Held to Include Only General Property Taxes (Laws 1923, p. 432, §§ 1, 2).**

4. Since taxes on real and personal property are only "state taxes" which are paid by county treasurer to the state, City of Astoria was authorized, under Laws of 1923, page 432, Sections 1, 2, providing that it could appropriate all state taxes collected from persons and on property within corporate limits for seven years, to appropriate general property taxes only and not taxes collected from other sources.

---

Constitutional Law, 12 C. J., p. 788, n. 98.
States, 36 Cyc., p. 895, n. 43.
Statutes, 36 Cyc., p. 1105, n. 16, p. 1106, n. 29, p. 1128, n. 58.
Taxation, 37 Cyc., p. 707, n. 9.

1. See 25 R. C. L. 999.

Original Proceeding in Mandamus.

This is an action of original jurisdiction in this court. Its disposition requires the construction of Chapter 280, General Laws of 1923. So far as applicable to the questions presented in this appeal, that chapter reads as follows:

"Section 1. That for a period of seven years, commencing with the year 1923, there be and hereby are granted and appropriated by the state of Oregon, to the city of Astoria, Oregon, the moneys collected from the following state taxes, to wit: All state taxes collected from persons and upon property within the corporate limits of the city of Astoria. Said property shall be assessed and said taxes ascertained, apportioned, levied, collected and paid over to the state treasurer in the manner now provided or which may hereafter be provided by law. The word 'persons,' as used herein shall, for the purposes of this act, mean and include all persons, firms and co-partnerships and corporations within the corporate limits of said city.

"Section 2. In each and every year of the period named in section 1 of this act, immediately after the payment by the treasurer of Clatsop county to the state treasurer of the first half of the state taxes due from Clatsop County, the state tax commissioner, by examination of the proper records on file in his office, shall ascertain and shall certify to the secretary of state what amount and proportion of the state taxes charged to Clatsop county in said year have been apportioned, assessed, levied or collected from persons and upon property wholly within the corporate limits of the city of Astoria, and thereupon the secretary of state shall forthwith draw a warrant upon the state treasurer payable to the city of Astoria for a sum of money equal to one-half the amount named in said certificate of said state tax commissioner, * * provided, however, that the

moneys hereby appropriated to said city in any one year of the period named in section 1 shall not exceed the amount of the moneys appropriated in 1923.''

Plaintiff contends that the taxes referred to in Sections 1 and 2 of the act include taxes of all kinds and descriptions collected by the state. It claims that the appropriation covers, in addition to said general property tax, income taxes, motor vehicle taxes, gasoline taxes, inheritance taxes and corporation license taxes. Defendant contends that the appropriation covers only general property tax, real and personal, within the City of Astoria. Defendants exclude from the operation of the statute income taxes, motor vehicle taxes, gasoline taxes, inheritance taxes and corporation license taxes. The two contentions specified herein frame the issues presented by the pleadings. There is no question of fact presented.

WRIT DENIED.

For plaintiff there was a brief over the names of *Mr. James L. Hope* and *Mr. H. K. Zimmerman,* with an oral argument by *Mr. Hope.*

For defendants there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Willis S. Moore,* Assistant Attorney General, with an oral argument by *Mr. Moore.*

COSHOW, J.—The case is presented on general demurrer to the alternative writ.

1. "Taxes" as used in Section 1 of said chapter is broad enough to include income taxes, motor vehicle taxes, gasoline taxes, inheritance taxes and corporation license taxes. The statutes prescribe that the motor vehicle taxes and the gasoline taxes shall

be paid into a special fund to be applied, first, to the payment of interest and retirement of bonds; second, to defray the expenses of preparing the roadbed, bridges, etc., for the construction of state highways, and third, in any other manner for general road improvement: Or. L., §§ 4810, 4819. Our Constitution expressly provides:

"No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied." Const., Art. IX, § 3.

2. Plaintiff can claim nothing under said Chapter 280 unless the fund to which it lays claim is a tax. Motor vehicle and gasoline taxes, being levied to raise money for public roads, cannot be diverted from that purpose. Said Chapter 280 would be unconstitutional under said Article IX, Section 3, if we should construe it to include the taxes raised for highway purposes. The rule of construction requires us to construe the statute to be within the Constitution if the language of the act will reasonably admit of such construction: *Eastern & Western Lumber Co.* v. *Patterson, ante,* p. 112 (264 Pac. 441). The act itself has been construed by this court to be constitutional. *Kinney* v. *Astoria,* 108 Or. 514 (217 Pac. 840). It follows necessarily, therefore, that a restricted meaning must be given the word "taxes" as used in said Chapter 280.

3, 4. Our statute has prescribed rules for the construction of contracts and statutes by this court: Or. L., §§ 715, 716. Under these statutes we are required to ascertain, from the language of the act to be construed, the intent of the legislature. Under the provisions of said Section 715, we must adopt such con-

struction of said Chapter 280 as to give effect, if
possible, to all of the provisions thereof.  Critically
examining Sections 1 and 2 of said Chapter 280, we
find that the only taxes, which seem to have been in
the mind of the legislature when considering said
Chapter 280, were general property taxes.  It is well
known that in this state personal property is assessed
to the owner and real property against the land.
These are the only state taxes which are paid by
the county treasurer to the state semi-annually.  All
other state taxes are paid directly to state officials
by the taxpayer.  The income tax, enacted at the
session of the legislature of 1923, provided for pay-
ment of said tax when amounting to more than $10
from the taxpayer to be made in quarter annual
installments.  All of the provisions of said Chapter
280 cannot be made to apply to any other tax than
general property tax without doing violence to the
terms of the act or a part of the act.  The income
tax was not payable through the county treasurer at
all but was paid directly to the state treasurer.  The
statute declaring the rule of construction which must
govern this court forbids us doing violence to the
language in construing it.  The language of the act
forbids including any tax except general personal
and property taxes within the terms of the appro-
priation in said Chapter 280.  The same principle
which excludes motor vehicle and gasoline taxes,
except application of the funds, also excludes income,
inheritance and corporation license taxes from said
appropriation.  Other authorities under similar cir-
cumstances have adopted the same construction of
the word ''taxes'' that we are adopting.

A well-considered case is *Des Moines U. R. Co.* v. *Chicago, Great Western R. Co.*, 188 Iowa, 1019 (177 N. W. 90, 9 A. L. R. 1557). The court there had under consideration a case involving the construction of the following language in a contract between the parties:

"One third of all taxes or assessments, special or otherwise, and public charges of every kind and nature that shall or may be taxed or assessed against the Des Moines Company or its property during the aforesaid term of years * * *"

shall be paid by defendant. The court held that income taxes and excise taxes were not included within the language quoted. It will be seen that the language referring to taxes quoted in the case just cited is broader than the language regarding the same subject matter in said Chapter 280.

An instructive discussion of the comprehensiveness of the word "tax" will be found in the several opinions written in *Pollock* v. *Farmers' Loan & Trust Co.*, 158 U. S. 601 (39 L. Ed. 1108, 15 Sup. Ct. Rep. 912, see, also, Rose's U. S. Notes).

Construing said Chapter 280 in its entirety and giving force to all of the language used therein, we are constrained to hold that the demurrer to the alternative writ must be sustained.

It is so ordered, the peremptory writ denied and the petition dismissed.          PETITION DENIED.

BEAN, J., absent.