Submitted on briefs April 26, affirmed September 25, rehearing denied December 18, 1928.

GUARDIAN BUILDING & LOAN ASSOCIATION *v.* MARK D. McCALLISTER, CORPORATION COMMISSIONER.

(270 Pac. 478.)

For appellant there was a brief over the names of *Mr. James L. Conley* and *Messrs. Jaureguy & Tooze.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. B. Hosford,* Assistant Attorney General.

COSHOW, J. Plaintiff insists upon its right to advertise that its affairs are *"controlled"* and "supervised" by the State of Oregon, but "kicks like a bay steer" when the state exercises that right through the proper official. It is here trying to prevent the state from controlling or supervising the adoption of a by-law or to control or supervise its advertising. The statute directs the corporation commissioner through an assistant "to supervise, inspect and examine all building and loan * * associations doing business in the State of Oregon," etc. It does not assume nor authorize any official to control plaintiff or any other building and loan association. A bank examiner does not control a bank's

affairs as plaintiff apparently claims: Gen. Laws 1925, Chap. 207; 1 Or. L. Supp. 1342, § 18; Or. L., § 6937, as amended by Chap. 186, Gen. Laws 1927; 1 Or. L. Supp. 730.

Plaintiff claims authority to adopt the by-law by virtue of Or. L., Section 6925, as amended by Chapter 186, Gen. Laws 1927; 1 Or. L. Supp. 725. It relies expressly on the subdivision of that section reading as follows: "To permit members and investors to withdraw part or all of their deposits and prescribe the terms and conditions of withdrawals." Plaintiff also cites:

"All the moneys received by any association organized under and governed by this act shall be considered deposits." Or. L., § 6952.

■ The language of these excerpts taken alone will bear the construction placed thereon by plaintiff. Section 6925 authorizes plaintiff to permit members and investors to withdraw their *deposits*. Section 6952 prescribes *"All the moneys* received by any association * * shall be *deposits."* But these sections must be construed with other sections of the statute, particularly Section 6933. An elementary rule of construction is to consider and weigh all the sections, sentences, phrases and words of a statute together to ascertain the intent of the legislature when the statute is ambiguous, conflicting or uncertain in its terms. Plaintiff cites in support of this rule: *Astoria* v. *Kozer,* 124 Or. 261 (264 Pac. 445); *Hartley* v. *Sherman County,* 119 Or. 586 (250 Pac. 741); *James* v. *City of Newberg,* 101 Or. 616 (201 Pac. 212); Or. L., § 715.

From 1895 to the present time our statute has prescribed:

"If said stock is not more than two years old, all amounts paid in by such members upon such stock, except the sums paid as membership fees and fines, * * ." Gen. Laws 1895, p. 107; Or. L., § 6933 as amended by Gen. Laws 1927, Chap. 186, p. 215; 1 Or. L. Supp., p. 729.

This is a legislative enactment fixing the manner of determining the value of shares when a member or investor voluntarily withdraws prior to the maturity of his shares or investment.

The legislature made very emphatic its purpose to forbid return of fees and fines to voluntary withdrawals. The original act forbad return of money set apart for expenses. The only change in regard to withdrawals made by the amendments of 1927 was the elimination of the words "and the amount of such payments set apart by said associations as an expense fund, which expense fund, however, shall not exceed the amount fixed by this act." The omission of those words, and retention of the words, "If said stock is not more than two years old, all amounts paid in by such members upon such stock, except the sums paid as membership fees and fines," indicates unmistakably the intention of the legislature to prohibit return of fees and fines to those who withdraw. The will of the legislature is conclusive and supreme on that matter.

■ It should not be necessary to cite authorities to the effect that any corporation, a creature of the state, can supersede the laws of the state, its creator. By giving effect to all the provisions of the statute bearing on the subject under consideration we hold that the part of said Section 6925 cited above authorizes defendant to provide for such voluntary withdrawals in subordination to said Section 6933.

A building and loan association has authority to formulate and adopt by-laws, but such by-laws must "be in conformity with the provisions of this act and the laws of this state * * ." Or. L., § 6928. The by-law involved is not in conformity with said Section 6933. Said Section 6933 is as much a part of the act as are said Sections 6925 and 6952. All these sections are of equal force, but the authority of plaintiff to adopt by-laws is subordinate to all of said sections.

■■ The provision excepting fees and fines from the amount of withdrawal is not for the benefit of the association in its corporate capacity, but rather for the benefit of the members and investors of the association. The corporation, therefore, cannot waive the benefit of the law which requires it to withhold fees and fines from one who withdraws. One cannot waive a statutory right when to do so would injure others. To permit withdrawal of fees and fines would to that extent reduce the profits of the members and investors: 27 R. C. L. 906, 907; *Brooks* v. *State,* 3 Boyce (Del.), 1 (79 Atl. 790, Ann. Cas. 1915A, 1135, 1144, 51 L. R. A. (N. S.) 1126, 1139); *Northern Pac. R. Co.* v. *Raymond,* 5 Dak. 356 (40 N. W. 538, 1 L. R. A. 732).

The decree is affirmed.                    AFFIRMED.