426

Submitted on record and briefs January 27,
reversed February 18, 1975

CITY OF WOODBURN, *Appellant, v.*
DEKABI, INC. ET AL (No. 84287), *Respondents.*

531 P2d 913

Edmund A. Jordan, Jr., Woodburn, for appellant.

Marshall C. Hjelte and Klein & Hjelte, Woodburn, for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Plaintiff City of Woodburn appeals in this

declaratory proceeding from a judgment of the circuit court which holds that a remonstrance by more than 50 percent of the property owners abutting an area upon which the city had ordered the construction of a sidewalk deprived the city of "jurisdiction." The judgment declares that "* * * on the subject matter of the sidewalk concerned * * * that the City may not require the defendants to construct the same."

The defendants had built a shopping mall on several acres of land adjoining State Highway 99E in Woodburn. Pursuant to Woodburn, Or, City Charter ch VI, § 36 and City Ordinance No. 778 (February 3, 1942),[①] the city ordered the defendants to build a sidewalk along State Highway 99E. The defendants owned all the affected property and remonstrated. The city denied the remonstrance and again ordered the sidewalk built. The defendants refused. This declaratory proceeding was then commenced by the city.

At issue is the intended meaning of several sections of the charter of the city of Woodburn, all of which relate to the construction of streets and sidewalks. Chapter VI of the Woodburn city charter consists of 75 consecutively numbered sections divided

---

[①] The city chose to proceed under the authority and method provided in its charter. We note that it apparently has alternative authority:

"Any incorporated city, in addition to powers granted by law or charter, may include in any sidewalk improvement district within the city all county roads or state highways or any part thereof which are located within the improvement district. It may cause to be built on the county roads or state highways or portions thereof within the improvement district, sidewalks for pedestrian travel, and may assess the cost thereof upon the property benefited thereby, in the manner provided by charter or law." ORS 223.880.

into eight articles, providing for acquisition of property for, and construction and financing of streets, sidewalks and sewers. Articles IV and V purport to include provisions about street and sidewalk improvements. Although numerous others of the consecutively numbered sections in the chapter also concern streets and street assessments, the sections of the entire chapter most involved in this controversy are:

SECTION 24. "The term 'street' as used in this chapter, shall be construed to mean any street, avenue, boulevard, alley, or lane which is now, or may hereafter be, opened or dedicated to public use."

SECTION 25. "The terms 'improve' and *improvement* as used in this chapter in reference to streets shall* be construed to *include* grading, regrading, paving, repaving, planking, replanking, macadamizing, remacadamizing, graveling, regraveling, and all manner of bridge and roadway improvement or repair *and all manner of constructing sidewalks,* crosswalks, gutters, and curbs *within any street* * * *." (Emphasis supplied.)

SECTION 26. *"Subject to remonstrances* of affected property owners as provided in this chapter, *the council,* whenever it *may* deem it expedient, is hereby authorized and empowered to *order the whole or any part of the streets* of the city to be improved * * * and to levy an assessment upon all lots and parcels of land specially benefited by such improvement * * *." (Emphasis supplied.)

SECTION 29. "* * * [A] majority of the owners of the property within such assessment district may make and file with the recorder a written objection or remonstrance against *said proposed improvement;* and said objection or remonstrance shall be a bar to any further proceedings in the making of said improvement for

a period of six months * * *." (Emphasis supplied.)

SECTION 36. *"It is hereby made the duty of all owners of land adjoining any street* in the city of Woodburn, *to construct,* reconstruct, and maintain in good repair the *sidewalks adjoining their lands. The council shall have power* and authority *by ordinance to provide for the construction,* reconstruction, and repair *of all sidewalks * * *."* (Emphasis supplied.)

SECTION 38. "The council shall exercise the same general authority and supervision over the construction, reconstruction, and repair of sidewalks that it has in the matter of other street improvements * * *."

The circuit court concluded in a short letter opinion "* * * that under the provisions of Article IV of the Charter such a remonstrance" as that which was filed in this case "is a bar for a period of six months to further proceedings * * *." As previously noted, the formal judgment declared that the city may not require defendants to construct the sidewalk. The sections from which we have quoted above in the Woodburn charter that are in Art IV (referred to in the court's letter opinion) are only §§ 25, 26 and 29. The circuit court apparently did not give effect to § 36 which is in the next article. In *James et al. v. City of Newberg et al.,* 101 Or 616, 201 P 212 (1921), a case interpreting charter provisions having to do with building of streets and sidewalks, the Supreme Court said

"* * * that effect should be given, if possible, to every section, paragraph, sentence, clause, and word.

"In arriving at the meaning to be given to the words 'sidewalk' and 'pavement,' we will not confine ourselves to the language in the proviso quoted

above, but, for the purpose of noting their use by the framers of the charter, will consider the charter in its entirety * * *." 101 Or at 619.

*See also Murphy v. Nilsen,* 19 Or App 292, 298, 527 P2d 736 (1974). In *Klovdahl v. Springfield,* 81 Or 168, 158 P 668 (1916), where a remonstrance to a city order to construct a sidewalk was involved, the court noted that the applicable sections of the charter of that city clearly distinguished between building a sidewalk and the improvement of streets and noted that no provision was made for remonstrating against laying down a sidewalk at the expense of the abutting realty but that remonstrances were confined by that charter to improving streets.

Looking at the above quoted pertinent sections of the Woodburn charter, we note substantial similarity between them and the sections quoted in *Klovdahl* by the court from the Springfield charter. The construction of sidewalks may be brought about under the Woodburn charter in two ways: first, under §§ 24, 25 and 29, etc., through inclusion of sidewalks "within any street" and second, under § 36 by the enforcement of a *duty of all owners* of land adjoining streets *to construct* sidewalks. It is entirely logical that the enacters of the charter provided a method for getting sidewalks constructed along streets already constructed that did not originally include sidewalks in the improvement. Increases in population, schools, businesses, etc., dictate the need for pedestrian sidewalks where originally there was little, if any, need therefor.

The first of the two methods for getting sidewalks constructed is made subject to remonstrances. With reference to the second method the council is given

the "* * * authority by ordinance to provide for the construction * * *." Section 36. Pursuant to this authority, the city council in 1942 enacted Ordinance 778 relating to construction, reconstruction and repair of sidewalks. It has been pleaded and is before us. In its first section it provides for giving notice to property owners when the city council orders construction of sidewalks by property owners. By its terms owners are afforded the opportunity to make objections which the council is required to consider. Nothing in the ordinance prevents the council, after consideration is given to any objections, from ordering the construction.

The judgment of the circuit court did not give proper effect to § 36 of the charter and to Ordinance 778 enacted pursuant to the authority of that section. As noted in *James et al. v. City of Newberg et al.,* supra, it is necessary to give effect to every pertinent part of the charter if it is possible to do so. It is possible to do so, and we hold that the city council was acting within its charter and ordinance authority in ordering the construction of the sidewalk.

Reversed.